Anthony James **FRYBARGER**,
Plaintiff-Appellant,

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Gebelli Software, Inc., and Nasir Gebelli, Defendants-Appellees.**

No. 86–2004.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1987.

Decided March 10, 1987.

George M. Schwab, San Francisco, Cal., for plaintiff-appellant.

Paul C. Saunders, New York City, R. Michael West, Sacramento, Cal., for defendants-appellees.

Before NELSON, KOZINSKI and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

Anthony James Frybarger appeals from a summary judgment in favor of IBM Cor-

poration, Inc., Nasir Gebelli, and Gebelli Software, Inc. ("Gebelli"), in his copyright infringement and Lanham Act action. Frybarger claims that Gebelli copied protected elements of Frybarger's "TRICKY TRAPPER" drawings, computer program and videogame, in Gebelli's "MOUSER" storyboard, computer program and videogame, which Gebelli licensed to IBM for use with its PC Jr. personal computer. Frybarger brought an action in United States District Court for the Eastern District of California, alleging federal causes of action for copyright infringement under 17 U.S.C. §§ 101–810 (1982), and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051–1127 (1982), as well as pendent state law claims for misappropriation of trade secrets, unfair competition, conversion and unjust enrichment. The district court granted IBM's motion for summary judgment on the federal causes of action concluding, as a matter of law, that no reasonable jury could find Gebelli's works substantially similar to Frybarger's works. The district court then dismissed Frybarger's state law claims without prejudice.

Frybarger only appeals the summary judgment on his federal causes of action. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

## FACTS

Frybarger was employed by Gebelli in 1982. During the Summer of 1982, Frybarger submitted design drawings and a flow chart describing his "TRICKY TRAPPER" videogame to Gebelli pursuant to a confidential disclosure agreement. In addition, Frybarger had several conversations with Nasir Gebelli and Gebelli employees regarding his "TRICKY TRAPPER" videogame and provided, at Gebelli's request, an annotated computer program and a playable disk of "TRICKY TRAPPER" in September and November 1982.

During the period of Frybarger's employment, Gebelli had a consulting agreement with IBM regarding the development of electronic videogame programming for the IBM personal computer. On October 19, 1982, Gebelli entered into an agreement with IBM to develop three videogames for the IBM PC Jr. personal computer and submitted storyboards to IBM on November 19, 1982, for two of the proposed videogames. One of the two storyboards was for Gebelli's "MOUSER" videogame. Soon thereafter, Gebelli finished the "MOUSER" electronic videogame, registered the copyrights in it, and IBM began to market and distribute it.

In 1984, Frybarger registered the copyrights in his "TRICKY TRAPPER" videogame. On July 13, 1984, Frybarger filed his first complaint and, on September 24, 1985, an amended complaint, against IBM, Gebelli, and Nasir Gebelli, in United States District Court for the Eastern District of California. In his amended complaint, Frybarger alleged that Gebelli infringed Frybarger's copyrights by using elements of Frybarger's "TRICKY TRAPPER" works in Gebelli's "MOUSER" works, and that Gebelli's infringement constituted unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Frybarger also alleged pendent state law claims for misappropriation of trade secrets, unfair competition, conversion, and unjust enrichment. Shortly thereafter, IBM submitted motions for summary judgment and judgment on the pleadings.

On February 10, 1986, the district court held a three and one-half hour hearing on IBM's motions for summary judgment and judgment on the pleadings. At the hearing, the district court viewed "MOUSER" in play on an IBM PC Jr. computer, "TRICKY TRAPPER" in play on an Apple II computer and on videotape, and four other videogames.[1] The court also examined six color photographs, prepared by IBM, comparing key elements of Frybarger's and Gebelli's videogames, and several affidavits from videogame, programming, and software experts submitted by each side. At the close of the hearing, the court granted IBM's motion for summary judgment on the copyright infringement and Lanham Act causes of action, concluding,

1. "LADY BUG", "MOUSETRAP", "LOCK n' CHASE" and "DRELBS".

as a matter of law, that no reasonable jury could find Frybarger's and Gebelli's works substantially similar. The court then dismissed Frybarger's state law claims without prejudice. The district court's decision was made applicable to Gebelli and Nasir Gebelli by stipulation of the parties, and judgment was entered on April 11, 1986. Frybarger timely appealed.

## DISCUSSION

■ Summary judgments in copyright infringement cases are subject to de novo review by this court. *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 85, 88 L.Ed.2d 69 (1985); *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir.1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). "[W]e may affirm if the record, viewed in the light most favorable to the [non-moving party], discloses no genuine issues of material fact and if [the moving party] was entitled to judgment as a matter of law." *Fisher v. Dees*, 794 F.2d 432, 434 (9th Cir.1986).

### I. SUMMARY JUDGMENT

Generally, "summary judgment is not highly favored on the substantial similarity issue in copyright cases." *Berkic*, 761 F.2d at 1292. *See Litchfield*, 736 F.2d at 1355 ("Substantial similarity is usually an extremely close issue of fact and summary judgment has been disfavored in cases involving intellectual property") (citing *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 n. 6 (9th Cir.1983)). Nonetheless, "the question whether there is substantial similarity of *ideas* between two works 'may often be decided as a matter of law,'" *Berkic*, 761 F.2d at 1292 (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir.1977)) (emphasis added), and there is no special standard for determining "'whether summary judgment is appropriate on the issue of substantial similarity of *expression*.'" *Id.* (quoting *See v. Durang*, 711 F.2d 141, 142 (9th Cir.1983)) (emphasis added). Thus, "since *Krofft*, we have frequently affirmed

summary judgments in favor of copyright defendants on the substantial similarity issue." *Id.* (citing *Litchfield*, 736 F.2d at 1358; *Durang*, 711 F.2d at 142; *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir.1982), *incorporating by reference, Jason v. Fonda*, 526 F.Supp. 774, 777 (C.D.Cal.1981)).

■ Summary judgment is clearly appropriate in copyright infringement cases if, after viewing the evidence and drawing every inference in the light most favorable to the nonmoving party, the court concludes that no reasonable jury could find substantial similarity of both ideas and expression between the works at issue. *Litchfield*, 736 F.2d at 1356. *See also Durang*, 711 F.2d at 143 ("Summary judgment is proper if reasonable minds could not differ as to the presence or absence of substantial similarity of expression"); *Fonda*, 526 F.Supp. at 777 ("[S]ummary judgment is proper when the Court determines that the similarity between works is insubstantial as a matter of law.... In other words, ... if it determines that no reasonable trier of fact could find that the plaintiff has satisfied both of the *Krofft* tests.")

■ Because plaintiff bears the burden of proving that the works at issue are substantially similar in a copyright infringement case, *Litchfield*, 736 F.2d at 1356 (citing *Sid & Marty Krofft*, 562 F.2d at 1164), summary judgment for defendant is appropriate when plaintiff fails to make a sufficient showing that the ideas and expressive elements of the works are substantially similar after defendant has properly identified in a motion for summary judgment that plaintiff has failed to do so. *See Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986) (Moving party need only inform the court of the basis of its motion and is then "'entitled to judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof"); *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680 (9th Cir.1985) ("'[I]f there is no genuine issue of material fact, and if the resisting party does not present a record sufficient to sup-

port a reasonable finding in his favor, a district court has a duty to grant the motion for summary judgment.'") (quoting *Filco v. Amana Refrigeration, Inc.,* 709 F.2d 1257, 1260 (9th Cir.), *cert. dismissed,* 464 U.S. 956, 104 S.Ct. 385, 78 L.Ed.2d 331 (1983)). Accordingly, Frybarger bears the burden of demonstrating some genuine issue of material fact as to whether a reasonable jury could conclude that Frybarger's and Gebelli's works are substantially similar in ideas and expression. If unable to do so, summary judgment is appropriate.

## II. COPYRIGHT INFRINGEMENT

 To establish a claim for copyright infringement, plaintiff must show that 1) she owns the copyright in the allegedly copied work; 2) defendant had access to the work; and 3) plaintiff's and defendant's works are substantially similiar. *Cooling Sys. and Flexibles, Inc. v. Stuart Radiator, Inc.,* 777 F.2d 485, 491 (9th Cir.1985) (citing *Berkic,* 761 F.2d at 1291); *Litchfield,* 736 F.2d at 1355; *Sid & Marty Krofft,* 562 F.2d at 1162. To show that two works are substantially similar, plaintiff must demonstrate that the works are substantially similar in both *ideas* and *expression. Cooling Sys.,* 777 F.2d at 491; *Berkic,* 761 F.2d at 1292; *Litchfield,* 736 F.2d at 1356 (citing *Sid & Marty Krofft,* 562 F.2d at 1164). For the sole purpose of IBM's motion for summary judgment, IBM and Gebelli conceded that Frybarger owns the copyrights in "TRICKY TRAPPER" and that Gebelli had access to Frybarger's works. Thus, the only question before us is whether the district court correctly concluded that no genuine issue of material fact exists as to whether Frybarger's and Gebelli's works are substantially similar in ideas and expression.

 Although plaintiff must show that the ideas in the works at issue are substantially similar, the ideas themselves are not protected by copyright and cannot, therefore, be infringed. *See Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 105 S.Ct. 2218, 2224, 85 L.Ed.2d 588 (1985) ("[N]o author may copyright facts or ideas."); *Cooling Sys.,* 777 F.2d at 491 ("Copyright law never protects the ... ideas contained in published works."); *Sid & Marty Krofft,* 562 F.2d at 1163 ("It is an axiom of copyright law that the protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself.") (citing *Mazer v. Stein,* 347 U.S. 201, 217–18, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). This axiom is expressly codified in 17 U.S.C. § 102(b) (1982) ("In no case does copyright protection for an original work of authorship extend to any *idea* ... [or] ... *concept* ..., regardless of the form in which it is described, explained, illustrated, or embodied in such work.").

Those features of Frybarger's works that are ideas are not protected, therefore, against even directly copied identical ideas in Gebelli's works. Thus, to the extent that the similarities between Frybarger's and Gebelli's works are confined to ideas and general concepts, these similarities are noninfringing. *See* 3 M. Nimmer, Nimmer On Copyright § 13.03[A][1] at 13–21 (1986) ("[I]f the only similarity between plaintiff's and defendant's works is that of the abstract idea, there is an absence of *substantial* similarity and hence no infringement results.") (emphasis in original).

 The district court concluded that the only similar features in Frybarger's and Gebelli's works are nonprotectible ideas. As for the expressive elements in the works, the district court held that no reasonable jury could find them substantially similar. After viewing Frybarger's and Gebelli's works, and the other videogames viewed by the district court, we are convinced that the district court was correct. Although there are numerous similar features in Frybarger's and Gebelli's works,[2]

---

**2.** "TRICKY TRAPPER" and "MOUSER" share the following similar features:

1) The display screen of each game is filled with straight rows of pivot points on a solid colored background.

2) Between some of the pivot points are solid lines, connecting two pivot points.

3) There is a single protagonist.

4) The single protagonist has legs and a face.

we believe that each of the similar features constitutes a basic idea of the videogames and, to the extent each feature is expressive, that the expression is " 'as a practical matter indispensable, or at least standard, in the treatment of a given [idea].' "[3] *Atari, Inc. v. North American Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir.1982) (quoting *Alexander v. Haley*, 460 F.Supp. 40, 45 (S.D.N.Y.1978). These ideas, like all ideas, are not protected by copyright. *Id.* at 615; *see* 17 U.S.C. § 102(b); *Sid & Marty Krofft*, 562 F.2d at 1163; 3 Nimmer, *supra*, § 13.03[A][1], at 13–21. They have been left explicitly unprotected in order to encourage their individual expression in original works of authorship.

■ Furthermore, the mere *indispensable* expression of these ideas, based on the technical requirements of the videogame medium, may be protected only against virtually identical copying. *Atari*, 672 F.2d at 616; *Sid & Marty Krofft*, 562 F.2d at 1168. Indispensable expression is accorded only this slight protection because it is so close to the nonprotectible idea itself that "the expression provides nothing new or additional over the idea." *Id. See also Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir.1971) ("When the 'idea' and its 'expression' are thus inseparable, copying the 'expression' will not be barred, since protecting the 'expression' in such circumstances would confer a monopoly of the 'idea' upon the copyright owner."); *Atari, Inc. v. Amusement World, Inc.*, 547 F.Supp. 222, 229 (D.Md. 1981) (indispensable expressive features of videogames "are part of plaintiff's idea and are not protected by plaintiff's copyright"). Viewing the evidence in the light most favorable to Frybarger, we agree with the district court that no reasonable jury could conclude that the indispensable expression of these similar ideas is virtually identical in Frybarger's and Gebelli's works.

For the reasons above, there could be no copyright infringement as a matter of law. Therefore, the district court properly granted summary judgment.

AFFIRMED.

5) The single protagonist moves vertically and horizontally between rows of pivot points.

6) The single protagonist may cause one end of a line to come unattached from one pivot point and attach to a different pivot point by bumping into the line as the protagonist moves between rows of pivot points.

7) There is more than one antagonist.

8) Each antagonist moves toward the general location of the protagonist.

9) If an antagonist bumps into the protagonist, the progress of play stops.

10) An antagonist will be immobilized if it is surrounded on three sides by lines and the protagonist bumps a line across the fourth side, closing off the only remaining avenue of exit.

11) The player may obtain points by causing the protagonist to elude and 'trap' antagonists.

12) The speed at which the protagonist and antagonists move increases as the game progresses.

3. This is the *scenes a faire* doctrine, applied in infringement cases to " 'expression ... which necessarily results from the fact that the common idea is only capable of expression in more or less stereotyped form.' " *Atari*, 672 F.2d at 616 (quoting 3 Nimmer, *supra*, § 13.03[A][1], at 13–28).