Eunice McCALL, Plaintiff,

v.

**JOHNSON PUBLISHING CO.,**
**Defendant.**

**Civ. A. No. 87–1736–OG.**

United States District Court,
District of Columbia.

Feb. 29, 1988.

Timothy Brown and James C. Harmon, Washington, D.C., for plaintiff.

Wiley Branton, Washington, D.C., for defendant.

## MEMORANDUM

GASCH, Senior District Judge.

Perceiving a need among black women for guidance in "getting and keeping a man," plaintiff wrote a book entitled "Good, Bad and Smart." The book was drafted prior to July 2, 1986—the date on which plaintiff's copyright in the book became effective—and purports to assist women in becoming qualified to find a "man that's worthwhile." In November 1986, 3000 copies of plaintiff's book were printed. By March 1987, however, only 330 copies had been distributed.

In December 1986, Denise Wilson, a friend of the plaintiff, allegedly mailed a copy of "Good, Bad and Smart" to an employee of defendant with whom she was acquainted. That employee, Christopher Benson, denies having received the book. Moreover, defendant entirely denies that it had any access to plaintiff's book.

In March 1987, defendant published an article by Lynn Norment entitled "25 Ways to Find a Good Man." Like plaintiff's book, the article offers "tips" to aid black women who "are in the market for a good man." Plaintiff alleges that this article infringes her copyright in "Good, Bad and Smart."

This case is before the Court on cross-motions for summary judgment.

## DISCUSSION

Invoking its "power to promote the progress of science and useful arts," U.S. Const., art. I, § 8, cl. 8, Congress has expressly provided that:

(a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:

(1) literary works....

(b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

17 U.S.C. § 102 (1982). Because the scope of copyright protection extends no further than the form of an author's expression, the same idea may be expressed in innumerable ways without giving rise to a claim for infringement.[1] *Mazer v. Stein,* 347

---

1. As Judge Learned Hand characterized originality under the copyright law:

    [I]f by some magic a man who had never known it were to compose anew Keats's Ode On a Grecian Urn, he would be an "author," and, if he copyrighted it, others might not copy that poem, though they might of course copy Keats's.

U.S. 201, 217–18, 74 S.Ct. 460, 470–71, 98 L.Ed. 630 (1954); *Rubin v. Boston Magazine Co.*, 645 F.2d 80, 82 (1st Cir.1981); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 (9th Cir.1977). Such a claim may arise, however, when the owner of a copyright can demonstrate that a subsequent author's expression resulted from copying the copyright-owner's work. *Mattel, Inc. v. Azrak–Hamway International, Inc.*, 724 F.2d 357, 360 (2d Cir.1983); *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 614 (7th Cir.1982); *Sid &.Marty Krofft*, 562 F.2d at 1162–63. Because the act of copying is difficult to prove, an artifice of inference has been devised to ease the burden of the complaining copyright owner. Rather than prove copying, the copyright owner may demonstrate by circumstantial evidence that the alleged infringer had access to the protected work and that the two works are substantially similar. *Atari*, 672 F.2d at 614; *Sid & Marty Krofft*, 562 F.2d at 1162.

*Access*

Plaintiff alleges that a copy of her book was sent to defendant prior to publication of the defendant's article. Defendant denies receiving the book, and defendant's author, Lynn Norment, denies that she ever saw the book. If the factual issue of access were material to this case, summary judgment would be precluded by this dispute. As discussed below, however, plaintiff's case fails entirely for another reason, thereby rendering the issue of access immaterial.

*Substantial Similarity*

█ To justify the inference that copying is the source of an allegedly infringing work, both the idea and expression of the work must be substantially similar to the protected work.[2] *Frybarger v. International Business Machines Corp.*, 812 F.2d 525, 529 (9th Cir.1987); *Sid & Marty Krofft*, 562 F.2d at 1164. The ease with which the rule is stated, however, belies

*Sheldon v. Metro–Goldwyn Pictures Corp.*, 81 F.2d 49, 54 (2d Cir.1936), (citations omitted).

the subtlety of its application. "Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be ad hoc." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (Hand, J.). The question of substantial similarity depends on the observations of the "ordinary reasonable person." *Sid & Marty Krofft*, 562 F.2d at 1164; *see Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 500 (2d Cir.1982); *Atari*, 672 F.2d at 614. As Judge Hand explained, the question is whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the two works] as the same." *Peter Pan*, 274 F.2d at 489.

█ A comparison of literary works necessarily focuses on the similarities of words, scenes, and characterizations. *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 49 (2d Cir.1986); *O'Neill v. Dell Publishing Co., Inc.*, 630 F.2d 685, 687 (1st Cir.1980); *Salinger v. Random House, Inc.*, 650 F.Supp. 413, 417 (S.D.N.Y.1986). The basis for comparison is even narrower for nonfictional works because they merely relate purported facts and do not portray imaginary scenes, characters, or events. *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 488–89 (9th Cir.1984).

In forty-five pages, plaintiff's book offers a barrage of advice to black women about how to "get a man." Much of the advice is conveyed by unusual or fanciful heuristics, none of which appears in defendant's article. Instead, the bases for plaintiff's claim of unlawful copying are alleged similarities in the language used to state principles that will successfully guide a black woman in her quest for a good man.

*Summary Judgment for Defendant Is Unavoidable.*

█ Neither an overall nor point-by-point comparison reveals any similarity between

2. The requirement of substantial similarity of idea and expression does not alter the scope of copyright protection which extends only to expression.

the words of plaintiff's book and defendant's article. Plaintiff points to no portion of defendant's article that duplicates the words of her book. Indeed, a careful reading of both works reveals no instance of verbatim copying. The similarity is strictly limited to the ideas conveyed by the authors.

The absence of any perceptible similarity between plaintiff's book and defendant's article is particularly telling in light of the nonfictional nature of the subject matter of both works. Both parties offer in their works advice in the form of principles of behavior and attitude. The number of ways in which such principles may be stated is limited just as the expression of facts can take a limited number of forms. *See Landsberg*, 736 F.2d at 488–89. Because plaintiff expresses essentially factual ideas, the protection afforded her expression of those ideas is narrower than the protection enjoyed by fictional works. Her failure to show any similarity between the language of her work and that of defendant precludes a finding that the works are substantially similar.

Because the substantial similarity of plaintiff's and defendant's works is a question of fact, summary judgment is appropriate only if no reasonable jury could find such similarity to exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Frybarger*, 812 F.2d at 528; *Walker*, 784 F.2d at 48; *See See v. Durang*, 711 F.2d 141, 142–43 (7th Cir.1983) (no special standard for summary judgment on issue of substantial similarity). In opposing defendant's motion for summary judgment, plaintiff had the burden of designating specific facts showing that there is a genuine issue for trial regarding the issue of substantial similarity. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson*, 106 S.Ct. at 2510. This burden is assigned to the plaintiff because she will have the obligation at trial to prove that the works are substantially similar. *Celotex*, 106 S.Ct. at 2553. Plaintiff's com-

plete failure to identify any similarity of expression between her book and defendant's article renders all other disputed facts in this case immaterial,[3] and summary judgment in defendant's favor is appropriate. *Id.* Further, the failure of plaintiff's copyright claim undermines any allegations of unfair competition.

### ORDER

Upon consideration of defendant's Motion for Summary Judgment, plaintiff's Cross–Motion for Summary Judgment, the oppositions thereto, the record herein, and for the reasons stated in the accompanying memorandum, it is by the Court this 29th day of February, 1988

ORDERED that defendant's Motion for Summary Judgment is granted; and it is further

ORDERED that plaintiff's Motion for Summary Judgment is denied.

---

**3.** Thus, the parties' disagreement regarding Lynn Norment's access to plaintiff's book is immaterial.