Lorna L. NELSON, Plaintiff–Appellant,

v.

PRN PRODUCTIONS, INC., Prince Rogers Nelson, John L. Nelson, and Duane J. Nelson, Defendants–Appellees.

No. 88–5193.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1989.

Decided May 3, 1989.

Rehearing and Rehearing En Banc Denied June 26, 1989.

Herman H. Bains, Minneapolis, Minn., for plaintiff-appellant.

Jerry Snider, Minneapolis, Minn., for defendants-appellees.

Before FAGG and BEAM, Circuit Judges, and GUNN,* District Judge.

GUNN, District Judge.

Lorna L. Nelson brought this cause in the District Court of Minnesota against her half-brother, Prince Rogers Nelson; her brother, Duane J. Nelson; her father, John L. Nelson; and PRN Productions, Inc. Prince Rogers Nelson performs under the single cognomen, "Prince," and is a well-known recording artist, performer, and songwriter of rock music. PRN is a corporation with its principal place of business in Chanhassen, Minnesota and engaged in the business of manufacturing, producing, and distributing phonograph records featuring Prince. John Nelson and Duane Nelson are believed to be employees either of Prince or of PRN.

Count I of the complaint alleges that the song, "U Got the Look," manufactured, produced and distributed by PRN and Prince, constituted an infringement of Lorna's copyrighted work, "What's Cooking in

---

* The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

This Book," in violation of federal copyright law. A second count was for an accounting under state law for compensation John received from Prince and PRN for the use of lyrics Lorna allegedly co-authored. The district judge[1] granted defendants' motion to dismiss Count I based on his determination that no substantial similarity existed between Lorna's lyrics and the allegedly infringing lyrics. The court dismissed Count II for lack of jurisdiction. Lorna did not appeal from this latter ruling. The district court denied Lorna's request to take Prince's deposition pending its ruling on the motion to dismiss.

The issues before the court on appeal are: (1) Whether the district court erred in its determination that no copyright infringement occurred, and, (2) whether the district court abused its discretion in denying appellant's discovery requests. Because the Court finds the district court acted properly on both issues, we affirm.

The Copyright Claim

17 U.S.C. § 106[2] sets forth the exclusive entitlements granted to the holder of a copyright. Sections 107 through 118 provide exceptions to the exclusive entitlements. Section 501 establishes a cause of action against "anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118 * * *." 17 U.S.C. § 501(a).

▮ To establish a violation of section 106, the plaintiff must show:

1. Plaintiff's ownership of the allegedly infringed work; and

2. Defendant's "copying" of the copyrighted work.

*Knickerbocker Toy Co. v. Azrak–Hamway Internat'l*, 668 F.2d 699, 702 (2d Cir.1982); *Walker v. University Books*, 602 F.2d 859, 862 (9th Cir.1979); *see also* 3 M. Nimmer, *Nimmer on Copyright* § 13.01 at 13–3 (1981). Copying may be proven either by direct evidence or by demonstrating circumstantial evidence establishing "access and 'substantial similarity' of the two works." *Knickerbocker Toy Co.*, 668 F.2d at 702, *quoting Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2nd Cir.1977).

In this case, defendants have stipulated to plaintiff's ownership of a valid copyright and to defendant's access to plaintiff's song.[3] Thus, the only element in dispute is substantial similarity.

▮ The two lyrics were appended to plaintiff's complaint and to her appellate brief. Lorna's copyrighted lyric, "What's Cooking In This Book," is 35 lines long, arranged in six verses, and comprised of 176 words. Prince's lyric, "U Got the Look," is approximately 47 lines long, arranged in eight verses, and comprised of 242 words.

Specifically, the allegedly infringing portions are as follows:

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2. The full text of 17 U.S.C. § 106 is as follows:
§ 106. Exclusive rights in copyrighted works.
Subject to sections 107 through 118, the owner of copyright under this title has the exclusive right to do and to authorize any of the following:
(1) to reproduce the copyrighted work in copies or phonorecords;
(2) to prepare derivative works based upon the copyrighted work;
(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; and
(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly.

3. Where the similarity between the original and the copy is so striking as to preclude any possibility of independent creation, access may be inferred. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir.1978).

| Lorna's lyric | Prince's lyric |
|---|---|
| Verse Two | Verses Two and Seven |
| I glanced up and saw you, a smile so pretty. | I woke up, I've never seen such a pretty girl. |
| Verse Three | Verse Five |
| Makeup was rolling down my face | A whole hour just to make up your face |
| Verse Six | Verses Four and Six |
| What's cooking in this book, what's cooking in this book | U sho 'nuf do be cooking in my book |
| Verses One and Six | Verses One and Seven |
| Take a look | U got the look |
| Take another look | |

Plaintiff attempts to analogize her case to *Harper & Row Publishers v. Nation Enterprises*, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). But that case is infelicitous here. In *Harper & Row*, a portion of a soon-to-be published memoir appeared verbatim in *The Nation Magazine* with defendants neither taking issue with the validity of plaintiff's copyright nor with the allegation that they copied a portion of plaintiff's work verbatim. Therefore, instead of challenging the strength of *Harper & Row*'s prima facie case, *The Nation Magazine* argued that its admitted copying of a portion of the memoir constituted a "fair use."

In this case plaintiff contends that the district court erroneously directed its attention exclusively to the issue of substantial similarity instead of inquiring as to whether "the use" of plaintiff's work was a *Harper & Row* "fair use." But plaintiff's contention in this regard is simply an attempt to side-step the necessity of proving infringement by raising and then dismantling a defense which the defendants have not chosen to assert. Defendants have not applied "fair use" as a defense, and the trial court therefore correctly declined to discuss the application of that doctrine. Instead, it properly addressed the issue of substantial similarity.

*Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 120 (8th Cir.1987), indites the law in this Circuit pertaining to substantial similarity:

> Determination of substantial similarity involves a two-step analysis. There must be substantial similarity 'not only of the general ideas but of the expressions of those ideas as well.' First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression.

*Id.*

The District Court had before it here complete copies of both Lorna's song and Prince's and was therefore in proper position to apply the substantial similarity test.

This Court held in *Hartman* that where both works are in the record, the trial court has sufficient evidence upon which to enter summary judgment. The second step of the substantial similarity analysis does not call for "analytical dissection" or "expert opinion." Rather, "substantial similarity of expression is measured by ... the response of the ordinary, reasonable person." *Id.* The so-called extrinsic test has been said not to depend upon the trier of fact, therefore, but on such objective criteria as "the type of artwork involved, the materials used, the subject matter, and the setting for the subject." *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir.1977). The District Court was capable of making this determination. *Hartman*, 833 F.2d at 120.

In this case, the trial court carefully studied the lyrics involved and determined that reasonable minds could not differ as to the absence of substantial similarity. The trial judge could properly determine the matter of substantial similarity as a matter of law and did so by granting defendants'

motion to dismiss the copyright count on the ground that it failed to state a claim for infringing use. On review, this Court cannot conclude that a mistake has been committed by such ruling.

*Discovery*

 Plaintiff also alleges that the trial court abused its discretion by refusing to allow her further discovery. That is not so.

Plaintiff proposed, primarily, to take Prince's deposition. She asserts that she would have sought to discover facts bearing upon the availability of the fair use defense and whether PRN and Prince would admit or deny copying any of the expressions in plaintiff's lyric.

In discovery matters, the trial court has wide discretion. The determination of what constitutes relevant information rests with the sound discretion of the trial court. This Court has already noted that defendants never advanced fair use as a defense. Rather, they refute plaintiff's claim that defendants copied her song on the basis of an absence of substantial similarity. Thus, this Court cannot find that the court below abused its discretion in denying plaintiff's requests for discovery designed to refute a defense defendants did not raise.

Similarly, because defendants did admit ownership and access, the Court finds plaintiff's alleged interest in whether defendants would admit copying to be totally irrelevant. Had defendants admitted copying, they would have admitted plaintiff's case. Clearly, defendants denied copying on the basis that no substantial similarity existed between plaintiff's and defendants' lyrics. Therefore, this purported basis for further discovery on plaintiff's behalf also lacks merit. The district court cannot be said to have abused its discretion in denying discovery on this basis.

*Conclusion*

For all of the foregoing reasons, we find that the district court properly granted defendants' motion to dismiss and denied plaintiff's discovery motions. Accordingly, the judgment of the District Court is hereby affirmed.