**MATTEL, INC., Plaintiff—Appellee,**

v.

**AMERICAN FIRST RUN STUDIOS, a California Corporation, Defendant—Appellant.**

No. 00–57055.

D.C. No. CV–99–13317–CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided Oct. 28, 2003.

Adrian M. Pruetz, Steven Vaughan, Quinn, Emanuel Urquhart, Oliver & Hedges LLP, Los Angeles, CA, for Plaintiff–Appellee.

Arthur M. Lieberman, Lieberman & Nowalk, LLP, New York, NY, Timothy S. Menter, Menter & Witkin, Irvine, CA, Robert Lind, Northridge, CA, for Defendant–Appellant.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,* District Judge.

**MEMORANDUM***

A plaintiff claiming copyright infringement must "prove that ... the defendant['s] works are substantially similar to his .... in both *ideas* and *expression.*" *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1507 (9th Cir.1987) (quoting *Frybarger v. Int'l Bus. Mach. Corp.,* 812 F.2d 525, 529 (9th Cir.1987)) (emphasis in original). Ideas are not protected, only expression is. *Rachel,* 831 F.2d at 1507. However, "even similarity in expression is noninfringing when the nature of the creation makes similarity necessary." *Id.* In such cases, the expression of ideas is protected only from "virtually identical copying." *Id.*

A "side-by-side comparison[ ] of the works show[s] they are not [substantially] similar in expression." *Id.* Any similarity between them involves "expression [that] is as a practical matter indispensable, or at least standard, in the treatment of [the idea]." *Frybarger,* 812 F.2d at 530 (internal quotation marks and citations omitted). All depictions of TARZAN will necessarily share these similarities: They will all be young, muscular men with naked bodies except as covered by a loincloth, *see* S.E.R. at 7, 8, 53, 68, 69, because "the common idea is only capable of expression in more or less stereotyped form." *Frybarger,* 812 F.2d at 530 n. 3 (internal quotation marks and citations omitted). Once these common elements are removed, AFR TARZAN and Mattel TARZAN are quite different: Mattel TARZAN has distinctly almond-shaped eyes while AFR TARZAN's eyes are more ordinary round ones; the shape of the nose is different; Mattel TARZAN's face is smooth and oblong, while AFR TARZAN's has chiseled cheeks and a prominent square jaw; Mattel TARZAN's chest tapers to a narrow waist to form a torso of triangular shape, while AFR TARZAN's torso is the more traditional rectangular shape; Mattel TARZAN's loincloth offers much less coverage and only Mattel TARZAN wears wrist cuffs. Summary judgment is therefore appropriate because "no reasonable jury could conclude that the indispensable expression of these similar ideas is virtually identical." *Rachel,* 831 F.2d at 1507 (quoting *Frybarger,* 812 F.2d at 530).

AFR argues that summary judgment on substantial similarity is premature because the district court denied it discovery on the question of access, one of the elements of an infringement claim, *see Worth v. Selchow & Righter Co.,* 827 F.2d 569, 571 (9th Cir.1987) (explaining that a plaintiff suing for infringement "must prove ownership of the work in question, access to the work by the defendant, and substantial similarity"). However, because we hold that no reasonable juror could conclude that the two works are substantially similar, it

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

would make no difference if copying had occurred. *See* Robert C. Osterberg & Eric C. Osterberg, Practising Law Institute, Substantial Similarity in Copyright Law § 1.1 (2003) ("Failure to prove substantial similarity always results in the defeat of a copyright infringement claim."). Access is therefore irrelevant.

Because the district court's decision is unpublished, and because we affirm on alternative grounds, Mattel's suit has not "further[ed] the underlying purposes of the Copyright Act." *Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 555 (9th Cir.1996). We therefore reverse the district court's award of attorney's fees to Mattel and deny Mattel's request for attorney's fees on appeal.

**AFFIRMED in part and REVERSED in part.**