SUN MEDIA SYSTEMS,
INC., Plaintiff,

v.

KDSM, LLC and Sinclair Broadcast
Group, Inc., Defendants.

No. 4:06–cv–106.

United States District Court,
S.D. Iowa,
Central Division.

Sept. 10, 2008.

Michael J. Collins, Michael S. Libowitz, Thomas & Libowitz PA, Baltimore, MD, J. Campbell Helton, Whitfield & Eddy, PLC, Des Moines, IA, for Defendants.

Trent C. Keisling, Meredith K. Lowry, Stephen Douglas Schrantz, John M. Scott, Keisling Pieper & Scott PLC, Fayetteville, AR, Eric F. Turner, Turner Law Offices, West Des Moines, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is Plaintiff's Motion for Reconsideration pursuant to Rule 59(e), filed July 11, 2008. Clerk's No. 86. In its motion, Plaintiff requests that the Court reconsider its Order, filed July 1, 2008, granting summary judgment in favor of Defendants on Plaintiff's claim of copyright infringement.[1] Defendants filed a

---

1. Plaintiff's Second Amended Complaint as-

serted four causes of action against Defen-

resistance to the motion on July 29, 2008. Clerk's No. 93. Plaintiff did not file a reply and the matter is, therefore, fully submitted.

## I. STANDARD OF REVIEW

District courts enjoy broad discretion in ruling on motions to reconsider. *See Capitol Indem. Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 834 (8th Cir.2004); *Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir.1993). Rule 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e). Rule 59(e) was adopted to "clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact' or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

In the present case, Plaintiff asserts that the Court misapplied the standard for summary judgment in ruling on Defendants' motion for summary judgment. Namely, Plaintiff contends that because Defendants never provided the Court with the originals of the allegedly infringing mailers, Plaintiff never had the burden of producing to the Court the original of the mailer that was purportedly infringed.

dants: 1) copyright infringement against KDSM and Sinclair; 2) breach of contract against KDSM; 3) misappropriation of trade secrets against KDSM; and 4) misappropriation of trade secrets against Sinclair. *See* Clerk's No. 40. The Court's July 1, 2008

Plaintiff further argues that the Court conducted an improper analysis of the mailers in its copyright infringement analysis and that the Court erred in finding that Plaintiff's presentation in Exhibit H was not copyrightable.

## II. ANALYSIS

### A. *Presence of Original Mailers*

In one sentence of its fifty-nine page brief in resistance to Defendants' motion for summary judgment, Plaintiff asserted that "the Court does not have before it the necessary materials to conduct the required intrinsic evaluation of the infringing mailers," due to Defendant's failure "to introduce the originals of the infringing mailers that are in [Defendants'] possession." Clerk's No. 60 at 54. The Court addressed this contention in its July 1, 2008 Order:

> When a district court has complete copies of both the copyrighted work and the allegedly infringing work, it is "in proper position to apply the substantial similarity test" articulated in *Hartman. Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir.1989). In the present case, the Court has a photocopied version of Plaintiff's copyrighted work, Exhibit O, as well as copies of all allegedly infringing works produced by Defendants. Plaintiff contends, however, that the "Court does not have before it the necessary materials to conduct the required intrinsic evaluation of the infringing mailers" because "Defendants failed to introduce the originals of the infringing mailers that are in their possession." Pl.'s Resistance Br. at 54.

Order granted summary judgment on all counts. The present motion, however, only requests reconsideration of the Court's grant of summary judgment with respect to the copyright claims alleged in Count One.

Specifically, Plaintiff argues that the Court cannot make a reasonable comparison of the copyrighted work and the allegedly infringing works because the copies are not the same size, do not have the same weight and feel, and are not bound in the same way as the originals. However, as Defendants point out, Plaintiff has likewise not provided the Court with an original of Exhibit O, making comparison of the "look and feel" equally difficult due to Plaintiff's failing. Moreover, discovery in this case is closed, and nowhere in the record can the Court find a motion to compel, wherein Plaintiff requests that the Court order Defendants to produce the originals of the allegedly infringing mailers. If Plaintiff wanted to hinge its argument on the "look and feel" of the mailers, it had just as much of an obligation to ensure that it had the necessary documents for submission to the Court as Defendants. Indeed, it is Plaintiff who bears the burden of proving that Defendants' mailers infringed on Plaintiff's copyrighted materials. Regardless, the Court has color copies of both Exhibit O and the allegedly infringing mailers, and believes that these documents provide it with ample information to reach a conclusion.

*Sun Media Sys., Inc. v. KDSM, LLC,* 564 F.Supp.2d 946, 980 (S.D.Iowa 2008).

Plaintiff argues that the Court improperly granted summary judgment in favor of Defendants on the copyright claim because "Plaintiff did not have the burden of establishing it could prove copyright infringement to defeat Defendant[s'] motion, [rather, Plaintiff] simply had to establish the Defendant[s] did not meet their initial burden." Pl.'s Br. at 4. Plaintiff asserts that it met this burden when it pointed out that Defendants had failed to provide the originals of the allegedly infringing mailers to the Court in support of Defendants'

motion for summary judgment. The Court disagrees.

■ Plaintiff's argument that the Court misapplied the proper standard for summary judgment itself misconstrues the parties' respective burdens on a motion for summary judgment. *Celotex* stated that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The *Celotex* Court, however, expressly found "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* Thus, once Defendants pointed out the Plaintiff's lack of evidence supporting a finding of substantial similarity between Exhibit O and the allegedly infringing mailers, the burden shifted to Plaintiff to show that sufficient facts existed to prove that the works are substantially similar. *See, e.g., Celotex,* 477 U.S. at 323, 106 S.Ct. 2548 (holding that summary judgment is proper if the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof"); *Frybarger v. Int'l Business Machines Corp.,* 812 F.2d 525, 528 (9th Cir.1987) ("Because plaintiff bears the burden of proving that the works at issue are substantially similar in a copyright infringement case, summary judgment for defendant is appropriate when plaintiff fails to make a sufficient showing that the ideas and expressive elements of the works are substantially similar after defendant has properly identified in a motion for summary judgment that plaintiff has failed to do so."); *Stewart v. Wachow-*

*ski*, No. CV03–2873, 2005 WL 6186375, at *27 (C.D.Cal. June 14, 2005) (denying a motion for reconsideration after granting summary judgment in favor of defendant on plaintiff's claims of copyright infringement where *the plaintiff* "failed to submit copies of the allegedly infringing works to show that they were strikingly similar to her copyrighted literary works"); *Berkla v. Corel Corp.*, 66 F.Supp.2d 1129, 1139 (E.D.Cal.1999) ("Whether derived as interpretation of the best evidence rule, or simply a requirement of summary judgment standards, courts have required the *non-moving party* with the burden of proof in copyright cases to produce the alleged infringed and infringing products for comparison purposes at the summary judg-

ment stage." (emphasis added, citations omitted)).[2]

Moreover, as Defendant aptly points out, any concerns that the Court did not have the originals of the infringing mailers or of Exhibit O is tempered by the fact that the Court did have the opportunity to observe the originals of the allegedly infringing mailers and of Exhibit O at the hearing held on Defendant's motion for summary judgment on March 25, 2008. *See* Hr'g Tr. at 17–18, 40.[3] Finally, any concerns that the Court did not appropriately consider the look, weight, and feel of the mailers was appropriately addressed in the Court's two-step *Hartman* substantial similarity analysis. *See Hartman v. Hall-*

**2.** Plaintiff cites *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318 (9th Cir.1986), in support of the proposition that "there can be no proof of 'substantial similarity' and thus of copyright infringement unless the original works are juxtaposed with the actual allegedly infringing item and their contents compared." Pl.'s Br. at 4. "Because the original content is materially critical to the analysis, the moving party must either produce the original or show that it is unavailable through no fault of his own." *Id.* Plaintiff incorrectly states the law articulated in *Seiler*, however, in that Plaintiff ignores the fact that *Seiler* upheld the district court's grant of summary judgment in favor of the defendant on the basis that the *plaintiff* was unable to produce originals of the work he was claiming was infringed. *See Seiler*, 808 F.2d at 1319 (concluding that the "best evidence rule" of Federal Rule of Evidence 1004 required the *plaintiff* to produce the original drawings that were allegedly infringed).

**3.** Defendants' counsel showed the Court numerous allegedly infringing mailers at the hearing on the motion for summary judgment:

And for KDSM, at least, the front covers of these-these are the originals that they've seen before, but we haven't produced as a part of the record. We produced color copies of these, but apparently there's some dispute as to the size and the texture and

feel. This is what they look like, Your Honor. This is the first KDSM mailer. It's not registered. The registered mailer that they're asserting that the subsequent mailers infringe upon is Exhibit O. Exhibit O, we've never seen the original of Exhibit O. I suspect we'll probably see one today. But during the course of discovery we never did, the it certainly wasn't attached to the complaint and so the whole touch and feel argument we've never addressed because it wasn't part of the discovery process. The Exhibit O that we have is a black and white eight-and-half by eleven. Your Honor, I'll be happy to supply this to you.

*Court's Unedited RealTime Hr'g Tr.* at 17–18. Later, Plaintiff's counsel showed the Court the original of Exhibit O:

Moving on to the copyrights, Mr. Collins is right, you probably saw this, this was the actual mailer that was sent out-or actually registered with the copyright office, and it was available for inspection at any time. This is the only original we have, Your Honor. We did enter color copies of this into the record. I don't know that their expert ever viewed this actual document. But when one starts looking at these, you can see they're the same size, same physical appearance. When you touch them and feel them they look and feel the same. When one looks at the infringing mailer later on, it's the same size, same look, same feel, same kind of stuff like that.

*Id.* at 40.

*mark Cards, Inc.,* 833 F.2d 117, 120 (8th Cir.1987) (stating that when determining substantial similarity, a two-step process is employed: "First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression."). Therein, the Court first concluded that Plaintiff had failed to satisfy the first, extrinsic, step of the *Hartman* test. *See Sun Media,* 564 F.Supp.2d at 979. The Court, nonetheless, went on to state that even if Plaintiff had satisfied the extrinsic portion of the test, and "even assuming [the mailers] had the same overall weight and feel," the Plaintiff could not satisfy the second, intrinsic, portion of the *Hartman* test because "to an ordinary observer the dissimilarities between the mailers are immediately apparent...." *Id.* at 987.

### B. *Improper Analysis*

■ Plaintiff argues that the Court should set aside its judgment with respect to Count One on the basis that the Court improperly applied the two-step *Hartman* analysis. As noted previously, *Hartman* requires a Court evaluating substantial similarity to employ a two-step process: "First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. Second, if there is substantial similarity in ideas, similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression." *Hartman,* 833 F.2d at 120.

Plaintiff's primary argument in this regard is that the Court "improperly dissected the infringing mailers into multiple components in determining that the infringing mailers are not substantially similar to SunMedia's copyrights." Pl.'s Br. at

14. Plaintiff cites *Taylor Corp. v. Four Seasons Greetings, LLC* in support of its position. In *Taylor,* the Eighth Circuit found that it is improper for courts "to perform analytic dissection, or 'filtering,' when conducting the 'intrinsic' step" of the *Hartman* analysis. 403 F.3d 958, 966 (8th Cir.2005). Here, Plaintiff claims that the Court "dissected the mailer into multiple components in determining the second step of the *Hartman* test," in contravention of *Taylor. See* Pl.'s Br. at 14. Plaintiff points to pages 59–61 of the Court's Order as evidence that it improperly dissected the mailer.

■ Plaintiff is correct that the Court "dissected" the mailer in the referenced pages. The Court did so, however, in relation to the first, extrinsic, step of the two-step *Hartman* analysis, concluding that there were only "minor," rather than "substantial" similarities between Exhibit O and the allegedly infringing mailers. *See Sun Media Sys., Inc.,* 564 F.Supp.2d at 987, (stating "the court cannot conclude that there is substantial similarity of the general ideas and also of the expression of those ideas, as required by the first step in the *Hartman* test" and then identifying the similarities and dissimilarities). The Court's "dissection" was entirely proper under the first step of the *Hartman* analysis because "in applying the extrinsic test, the Court must 'filter out and disregard the non-protectible elements in making its substantial similarity determination.'" *Id.* at 979 (quoting *Cavalier v. Random House, Inc.,* 297 F.3d 815, 822 (9th Cir. 2002)).

### C. *Presentation H*

Plaintiff finally contends that the Court erred in concluding that its presentation, Exhibit H, is not copyrightable. Its argument in this regard, however, simply parrots arguments previously made by Plain-

tiff, and already rejected by this Court. *See Innovative Home Health Care,* 141 F.3d at 1286 ("Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." (internal citation omitted)). The Court declines to revise its conclusion that "copyright protection for Exhibit H would amount to a prohibition on virtually any television station explaining the process or method whereby advertisers can receive direct mail advertising when they purchase television advertising." *Id.* at 950.

Moreover, Plaintiff's argument with respect to Exhibit H does nothing to address the Court's alternative conclusion that "Plaintiff's failure to identify the alleged similarities with particularity is, alone, fatal to maintenance of its claim" with regard to Exhibit H. *Id.* at 988 n. 48. As was the case with Plaintiff's trade secret and copyright claims in general, Plaintiff made nothing but generalized allegations of infringement or copying with regard to Exhibit H, leaving the Court to search the record in an attempt to discern, on its own accord, the precise boundaries of Plaintiff's claims. *See Richards v. Combined Ins. Co. of Am.,* 55 F.3d 247, 251 (7th Cir.1995) ("It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration pursuant to Rule 59(e) (Clerk's No. 86) is DENIED.

IT IS SO ORDERED.