MEMORANDUM *
Brookhaven Typesetting Services, Inc., appeals the district court’s summary judg *389 ment on its claims against Adobe Systems, Inc., for copyright infringement, trade secret misappropriation, breach of contract, and unfair competition. Brookhaven also appeals the district court’s refusal to impose terminating discovery sanctions and its denial of Brookhaven’s Federal Rule of Civil Procedure 54(b) motion. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
We review the district court’s refusal to impose sanctions for an abuse of discretion, Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1010 (9th Cir.2004), and its findings of fact for clear error. Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir.1997). We will only disturb a trial court’s decision on terminating sanctions if we have “a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.” Pagtalunan v. Galaza, 291 F.3d 639, 640-41 (9th Cir.2002) (citation omitted).
This record presents a troubling and unflattering history of discovery compliance by Adobe. Abode was required to pay Brookhaven’s attorneys’ fees for the late production of source code and related documents; it destroyed earlier versions of source code that may have contained important evidence; and the program it produced to Brookhaven’s expert operated in such a fashion as to destroy the expert’s computer data.
The district court carefully reviewed the allegations of discovery abuse. It found that Adobe had failed to make timely production of files and imposed sanctions for that failure. However, as to Brookhaven’s claims of spoliation, it found that there was no evidence to support a finding that Adobe had acted in bad faith and had intentionally destroyed the earlier versions of the source code. It also determined that there was no basis upon which to find that Adobe had intentionally sought to destroy data on the expert’s computer. These findings are not clearly erroneous. The district court declined to impose terminating sanctions.
The sanction of dismissal is not favored. Due process limits the imposition of the severe sanctions of dismissal or default to extreme circumstances in which “the deception relates to the matters in controversy” and prevents their imposition “merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the ease.” Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589, 591 (9th Cir.1983) (citations omitted). “Where the drastic sanctions of dismissal or default are imposed ... the losing party’s noncompliance must be due to willfulness, fault, or bad faith.” Payne, 121 F.3d at 507 (citation omitted). The district court made specific findings that the noncompliance did not meet this high standard. Under our very deferential standard of review, we see no basis to hold that the district court committed reversible error in reaching this conclusion.
II
We review the district court’s order denying additional discovery for abuse of discretion. Tatum v. City & County of San Francisco, 441 F.3d 1090, 1100 (9th Cir.2006). A district court has discretion to direct the discovery process, Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), and may ask a litigant to give reason why the court should allow more discovery, Taylor v. Sentry Life Ins. Co., 729 F.2d *390 652, 656 (9th Cir.1984). A district court abuses its discretion only if the moving party diligently pursued previous discovery opportunities and can show how allowing additional discovery would preclude summary judgment. Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n. 6 (9th Cir.2001) (citation omitted).
The district court denied Brookhaven’s motion for additional discovery both because Brookhaven had not produced any evidence of wrongdoing on Adobe’s part and because Brookhaven had not taken advantage of Adobe’s expert, which the district court had ordered Adobe to make available to Brookhaven. The district court thus considered the correct factors in making its decision and did not abuse its discretion, particularly in light of the lengthy time in which the case had been pending and the fact that the court had previously granted a continuance of nine months to allow Brookhaven time to develop its claim.
HI
The district court did riot err in granting summary judgment on Brookhaven’s substantive claims.
First, the district court properly granted summary judgment on Brookhaven’s claim of copyright infringement. To prove its copyright claim, Brookhaven must prove that it owns a copyright in the allegedly copied work, that Adobe had access to the work, and that Brookhaven’s K2 and Adobe’s InDesign are substantially similar. Frybarger v. Int'l Bus. Mach. Corp., 812 F.2d 525, 529 (9th Cir.1987). The only evidence Brookhaven offered to demonstrate the substantial similarity of its program and Adobe’s is the program’s procedure for determining the sizes of sub—and super-scripts. Even construing the evidence in the light most favorable to Brookhaven, this similarity is not substantial in the context of the entire program. Thus, Brookhaven failed to produce enough evidence to create a genuine issue of material fact, and the district court properly entered summary judgment on its copyright infringement claims.
Second, the district court did not err in granting summary judgment on Brookhaven’s claims of trade secret misappropriation. Brookhaven relied on its expert to demonstrate that there were genuine issues of material fact. However, as the district court pointed out, the expert’s declaration did not provide a sustainable basis upon which a triable case of misappropriation could be founded. The only specific examples were conclusory, with no detail provided, and the declaration is qualified by the statement that additional documents were required to complete the analysis.
Finally, the district court properly granted summary judgment on Brookha-ven’s unfair competition and breach of contract claims because they were dependent upon favorable resolution of the copyright and misappropriation claims.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *389 by 9 th Cir. R. 36-3.