**Elizabeth NOTHWANG, Plaintiff,**

v.

**PAYLESS DRUG STORES NORTH-WEST, INC., Northwest Benefit Plans, and Healthcare Northwest, Defendants.**

Civ. No. 91–807–FR.

United States District Court,
D. Oregon.

Dec. 17, 1991.

Lauren J. Paulson, Aloha, Or., for plaintiff.

Howard Rubin, J. Kent Pearson, Jr., Amburgey, Segel & Rubin, Portland, Or., for defendants.

OPINION

FRYE, District Judge:

The matter before the court is the motion of defendants for Rule 11 sanctions (# 9).

## BACKGROUND

This action arises out of the alleged failure of the defendants, Payless Drug Stores Northwest, Inc., Northwest Benefit Plans, and Healthcare Northwest, to pay plaintiff, Elizabeth Nothwang, medical benefits to which she claims entitlement. On September 27, 1991, defendants moved to dismiss Nothwang's complaint on the grounds that her claim was barred by the doctrine of res judicata. Defendants argued that Nothwang had essentially filed the same cause of action against the same defendants approximately one year earlier, and the action was dismissed by the Honorable Owen M. Panner, United States District Judge, on November 21, 1990. *Nothwang v. Payless Drug Stores*, Civil No. 90–856–PA (D.Or. Nov. 21, 1990).

Nothwang did not oppose defendants' motion to dismiss. In a letter to the court dated October 24, 1991, counsel for Nothwang agreed that the "complaint [wa]s not well founded and should be dismissed." Accordingly, on October 29, 1991, the court granted defendants' motion to dismiss. Judgment was entered on November 13, 1991.

## CONTENTIONS OF THE PARTIES

On November 12, 1991, defendants filed this motion for sanctions pursuant to Fed. R.Civ.P. 11. Defendants seek sanctions in the amount of $931.50, representing the amount of attorney's fees they incurred in defending this action. Defendants argue that sanctions are appropriate here because Nothwang knew or should have known that her complaint had no basis in law. Nothwang has not responded to defendants' motion.

## APPLICABLE LAW

Rule 11 provides, in part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

■ Rule 11 imposes an affirmative duty on the signer to insure that any papers filed are well grounded in fact and warranted by law. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir.1987). By signing a document, the attorney or party "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well-grounded in both, and is acting without any improper motive." *Busi-*

*ness Guides, Inc. v. Chromatic Communications Enters., Inc.*, —— U.S. ——, ——, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991).

■ Sanctions will be imposed under Rule 11 "if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). A "frivolous" paper is one "that is both baseless and made without a reasonable and competent inquiry." *Id.* In addressing whether a pleading is frivolous, the court employs an objective standard of what is reasonable under the circumstances. *Business Guides*, —— U.S. at ——, ——, 111 S.Ct. at 933, 934–35.

## RULING

■ The court finds that the filing of the complaint in this action was frivolous. The entry of judgment in *Nothwang v. Payless Drug Stores*, Civil No. 90–856–PA (D.Or. Nov. 26, 1990), was a conclusive determination of the claims between Nothwang and the defendants. The doctrine of res judicata barred any attempt to file a new complaint. *See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (under the doctrine of res judicata, a final judgment on the merits bars further claims by parties based on the same cause of action); *American Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1146–47 (9th Cir.1981) ("A judgment in a previous suit is conclusive in a second suit between the same parties ... on the same cause of action not only of matters actually litigated but also as to every other ground which the parties might have litigated incident to and within the rubric of the subject matter of the first suit."). Moreover, counsel for Nothwang acknowledged the deficiency of the complaint through a letter to the court. Having found that counsel for Nothwang signed a frivolous complaint, Rule 11 sanctions must be imposed. *See Townsend*, 929 F.2d at 1362.

## CONCLUSION

The motion of defendants for sanctions (# 9) is granted. Counsel for Nothwang

shall, within 120 days, pay to defendants the sum of $931.50.