**Edmund A. RACHEL, aka Peter Rachel, d/b/a Wildlife Interiors, Plaintiff-Appellant,**

v.

**BANANA REPUBLIC, INC., Fisher Development, Inc., and the Gap, Inc., Defendants/Appellees.**

Nos. 86–1901, 86–2764.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 1987.

Decided Nov. 9, 1987.

Limbach, Limbach & Sutton, John P. Sutton and Michael E. Dergosits, San Francisco, Cal., for plaintiff-appellant.

Flehr, Hohbach, Test, Albritton & Herbert, Richard E. Backus and Richard P. Doyle, Jr., San Francisco, Cal., for defendants-appellees.

Before CHOY, ALARCON and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Peter Rachel, a producer of realistic reproductions of jungle animals, brought this action against Banana Republic, Fisher Development, and The Gap for alleged trade dress and copyright infringement. The district court granted summary judgment against Rachel on his copyright claim, and, following Rachel's submission of evidence, directed a verdict against him on the trade dress claim. The court also dismissed The

Gap and assessed sanctions against Rachel's counsel for improperly naming The Gap as a party. We affirm the trial court's grant of summary judgment and its directed verdict. We reverse the imposition of sanctions.

## FACTS AND PROCEEDINGS BELOW

Rachel, doing business as Wildlife Interiors, produces and sells synthetic animal heads as display pieces for commercial establishments. Banana Republic operates a chain of stores that sells safari clothing and accessories. Fisher Development is a general contractor that designs and constructs the African safari environment of Banana Republic stores. Banana Republic is a wholly-owned subsidiary of The Gap.

Rachel sold his first synthetic animal head at a flea market in 1983. It carried no copyright notice. That same year Rachel sold to Banana Republic a reproduction of a zebra head and offered to make other animal forms. Over the next year, Rachel sold Banana Republic a charging elephant, artificial elephant tusks, and synthetic heads of zebras, buffalos, giraffes, and rhinoceroses for display in its retail stores. In each instance, Rachel applied flocking to a fiberglass form of the animal sold by taxidermy supply stores and added ears, paint, glass eyes, and other necessary details. None of Rachel's works sold to Banana Republic contained a copyright notice.

In early 1984 Banana Republic terminated its business with Rachel and began purchasing its animal displays from Fred Funk, a consultant to Fisher Development hired to improve the quality of the Banana Republic's interior special effects. Funk was critical of Rachel's work and believed that he could produce a more realistic product. Funk's technique was to cast a mold of the animal from an actual taxidermy specimen, thereby adding realism to the skin.

In 1985 Rachel filed this action for copyright infringement, 17 U.S.C. §§ 101–106 (1982), false designation of origin, 15 U.S.C. § 1125(a) (1982), and pendent state claims for unfair competition, breach of contract and breach of the covenant of good faith and fair dealing. The defendants counterclaimed for a declaration that Rachel's copyright claim was invalid and unenforceable, and that Rachel breached his contract and made fraudulent misrepresentations.

On defendants' motion for partial summary judgment, the district court held that Rachel did not have a valid copyright claim because his work was sold without notice and the omission was not cured. Alternatively, the court held that defendants did not infringe Rachel's copyright. The court denied defendants' summary judgment motion on Rachel's pendent state claims. The court dismissed the action as to The Gap and assessed sanctions. Rachel's motion for preliminary injunctive relief was denied.

The case proceeded to trial on the trade dress infringement claim and the pendent state claims. At the close of Rachel's evidence, the court directed a verdict in favor of Banana Republic and Fisher Development on the remaining federal claim. The jury's verdict on the pendent claims in favor of the defendants was not appealed.

These timely appeals followed.[1]

## DISCUSSION

1. *Directed Verdict on Trade Dress Infringement*

■ Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides a remedy for a broad range of deceptive practices in commerce. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 841 (9th Cir. 1987). The statute creates a federal law of unfair competition by providing a remedy for injury caused by a competitor's " 'false

1. Rachel complains that the district court set an excessive bond requirement for this appeal. District courts have inherent discretionary authority in setting supersedeas bonds; review is for an abuse of discretion. *See Miami Int'l Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir.1986). The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required. *Id.* We find no abuse of discretion. Furthermore, the issue is moot since Rachel never paid the bond.

destination or origin' of its product, whether or not the aggrieved party has a federally registered trademark." *LeSportsac, Inc. v. K Mart Corp.,* 754 F.2d 71, 75 (2d Cir.1985). This protection entitles the first manufacturer of a product to an unregistered trademark in the "trade dress" of its product. *Stormy Clime Ltd. v. ProGroup, Inc.,* 809 F.2d 971, 974 (2d Cir. 1987). "Trade dress" is the appearance of the product and may include features such as size, shape, color, color combinations, texture, or graphics. *Id.* "A plaintiff seeking to recover for trade dress infringement under section 43(a) must show that its trade dress is protectable and that defendant's use of the same or similar trade dress is likely to confuse consumers." *Fuddruckers,* 826 F.2d at 841. "Under this analysis, trade dress may be protected if it is nonfunctional and has acquired secondary meaning and if its imitation creates a likelihood of consumer confusion." *Id.* at 842.

The district court directed a verdict on the ground that Rachel's trade dress was functional and therefore not entitled to protection under the Lanham Act. Our review is de novo. *West Am. Corp. v. VaughanBassett Furniture Co.,* 765 F.2d 932, 934 (9th Cir.1985). We must review the evidence in a light most favorable to Rachel and draw all possible inference in his favor. *See Blanton v. Mobil Oil Corp.,* 721 F.2d 1207, 1219 (9th Cir.1983), *cert. denied,* 471 U.S. 1007, 105 S.Ct. 1874, 85 L.Ed.2d 166 (1985). "A directed verdict is proper when the evidence permits only one reasonable conclusion as to the verdict." *Peterson v. Kennedy,* 771 F.2d 1244, 1256 (9th Cir. 1985), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).

■ A product feature is functional if it is essential to the product's use or if it affects the cost and quality of the product. *Fuddruckers,* 826 F.2d at 842. "In determining functionality, a product's trade dress must be analyzed as a whole." *First Brands Corp. v. Fred Meyer, Inc.,* 809 F.2d 1378, 1381 (9th Cir.1987). "The issue of functionality has been consistently treated as a question of fact." *Vuitton et Fils S.A. v. J. Young Enters, Inc.,* 644 F.2d 769, 775 (9th Cir.1981). Nevertheless, "unique arrangements of purely functional features constitute a functional design" not entitled as a matter of law to protection under the Lanham Act. *Stormy Clime,* 809 F.2d at 977.

■ Rachel argues that defendants bear the burden of proving functionality. Thus he contends the district court erred by directing a verdict before defendants submitted any evidence. In this circuit, however, we have placed the burden of proof on the plaintiff.[2] *First Brands,* 809 F.2d at 1381 (plaintiff must prove that its trade dress is, *inter alia,* nonfunctional).

■ Rachel contends that even if he has the burden of proof, that burden was met by evidence of thirteen unique elements of his work product that make his creations nonfunctional. He argues that the various features of his creations such as eyes, nostrils, ears, and noses are not real, do not work and therefore are not functional. Rachel's concept of functionality is mistaken. "Functional features of a product are features 'which constitute the actual benefit that the consumer wishes to purchase, as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product.'" *Vuitton,* 644 F.2d at 774 (quoting *International Order of Job's Daughters v. Lindeburg & Co.,* 633 F.2d 912, 917 (9th Cir.1980), *cert. denied,* 452 U.S. 941, 101 S.Ct. 3086, 69 L.Ed.2d 956

---

**2.** Elsewhere, it is not clear whether functionality is a defense or a part of the plaintiff's case. *See LeSportsac,* 754 F.2d at 75 ("it is not clear either in this circuit or elsewhere whether a plaintiff has the burden of proving nonfunctionality in order to obtain § 43(a) relief or whether a defendant must prove functionality as a defense"); S. Kane, *Trademark Law; A Practitioner's Guide* 49 (1987) ("There is some doubt as to whether plaintiff or defendant has the burden of proof on the issue of functionality."). The weight of authority, however, treats functionality as a defense. *See, e.g., Vaughan Mfg. Co. v. Brikam Int'l, Inc.,* 814 F.2d 346, 349 (7th Cir. 1987) ("[f]unctionality is a defense to a suit brought under Section 43(a)"); *Stormy Clime,* 809 F.2d at 974 (defendant can prevail by showing functionality); *LeSportsac,* 754 F.2d at 76 ("burden ... falls on the defendant to prove functionality").

(1981)). Rachel sought to create realistic reproductions of animals. The features that he points to are all absolutely essential to that goal. None of these features is nonfunctional. *See Vaughan,* 814 F.2d at 349 ("'functional' means not that a feature serves a function"). The district court did not err in directing a verdict against Rachel on his trade dress infringement claim.[3]

### 2. *Summary Judgment on Copyright Claims*

There is no dispute that Rachel's works may be copyrighted. *See Kamar Int'l, Inc. v. Russ Berrie and Co.,* 657 F.2d 1059, 1061 (9th Cir.1981) (realistic depictions of live animals are copyrightable). Rachel failed, however, to place a copyright notice on his works when they were created. The district court held that Rachel's belated copyright claim was not valid and alternately, if it was valid, defendants did not infringe the copyright. The court granted defendants' motions for summary judgment. Our review is de novo. *Frybarger v. Int'l Bus. Machs. Corp.,* 812 F.2d 525, 528 (9th Cir.1987).

■ We need not decide whether Rachel's copyright is valid. Even assuming its validity, we agree with the district court that no infringement of the copyright occurred. For his copyright infringement claim, Rachel was required to prove that (1) he owned the works in question; (2) the defendants had access to his works; and (3) the defendants' works are substantially similar to his. *Worth v. Selchow & Richter Co.,* 827 F.2d 569, 571 (9th Cir.1987). The district court found no disputes of material fact and that as a matter of law Rachel's work and defendants' work are not substantially similar.

■ "To show that two works are similar, a plaintiff must demonstrate that the works are substantially similar in both *ideas* and *expression.*" *Frybarger,* 812 F.2d at 529 (emphasis in original). Although ideas in the works at issue must be substantially similar, ideas themselves are not protected by copyright and cannot therefore be infringed. *Worth,* 827 F.2d at 572 (ideas alone are not copyrightable); *Cooling Sys. and Flexibles, Inc. v. Stuart Radiator, Inc.,* 777 F.2d 485, 491 (9th Cir. 1985) ("Copyright law never protects ... ideas."); *see also* 17 U.S.C. § 102(b) ("In no case does copyright protection ... extend to any idea."). Accordingly, there is no bar to the copying of a work's idea. To constitute infringement there must be an "unlawful appropriation" of the protected expression. *Sid & Marty Krofft Television Prod. Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1165 (9th Cir.1977).

■ The district court found similarity of ideas in the works. But the court reasoned that side-by-side comparisons of the works show they are not similar in expression. To the extent that works are similar in ideas and general concepts, the similarities are noninfringing. *Frybarger,* 812 F.2d at 529. Furthermore, even similarity in expression is noninfringing when the nature of the creation makes similarity necessary. *McCulloch v. Albert E. Price, Inc.,* 823 F.2d 316, 320 (9th Cir.1987); *Frybarger,* 812 F.2d at 530. Such "indispensable expression" of ideas may be protected only against virtually identical copying. *Id.* (citing *Sid & Marty Krofft,* 562 F.2d at 1168); *Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 742 (9th Cir.1971) ("When the 'idea' and its 'expression' are thus inseparable, copying the 'expression' will not be barred, since protecting the 'expression' in such circumstances would confer a monopoly of the 'idea' upon the copyright owner."). Accordingly, since the works at issue here are not identical, we agree that "no reasonable jury could conclude that the indispensable expression of these similar ideas is virtually identical." *Frybarger,* 812 F.2d at 530 (upholding summary judgment against copyright holder); *see also Worth,* 827 F.2d at 574 (upholding

---

3. Because we find that the district court correctly directed a verdict based on functionality, we need not decide whether Rachel submitted sufficient evidence on the issues of secondary meaning and consumer confusion. Similarly, Rachel's contentions that the district court abused its discretion by refusing to admit certain evidence on those issues need not be addressed.

summary judgment for lack of substantial similarity in expression).

### 3. *Fed.R.Civ.P. 11 Sanctions Against Rachel's Counsel*

The district court found that Rachel failed to produce admissible evidence sufficient to raise any genuine issue of fact as to why The Gap should be held liable for the acts of its wholly owned subsidiary, Banana Republic.[4] The district court thereafter imposed sanctions against counsel because the "inclusion of The Gap as a co-defendant was completely lacking in factual basis." The issue of whether specific conduct violates Rule 11 is reviewed de novo as an issue of law. *Lemos v. Fencl,* 828 F.2d 616, 618 (9th Cir.1987); *Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir.1987).

▮ Rule 11 requires that sanctions be assessed when a complaint is frivolous, legally unreasonable, or without factual foundation. *Zuniga v. United Can Co.,* 812 F.2d 443, 452 (9th Cir.1987). The rule thus creates and imposes upon counsel an affirmative duty of investigation both as to law and fact before filing. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir.1986). Because of the objective standard applicable to Rule 11, a complaint that is well-grounded in fact and law cannot be sanctioned regardless of counsel's subjective intent. *Hudson v. Moore Bus. Forms, Inc.,* 827 F.2d 450, 453 (9th Cir.1987).

Rule 11 is intended to be applied "vigorously" by district courts to curb the abuse of filing frivolous pleadings. *Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 808 (9th Cir.1987). Sanctions are mandatory if a violation has occurred. *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 559 (9th Cir.), *cert. denied,* 108 S.Ct. 83 (1987). But, Rule 11 is not intended to permit sanctions just because " 'the court later decides that the

lawyer was wrong.' " *Hurd,* 824 F.2d at 810 (quoting *Golden Eagle,* 801 F.2d at 1542). The granting of summary judgment against the pleader is not dispositive of the issue of sanctions against the attorney. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986).

Rachel's counsel[5] argues that it was reasonable for him to include The Gap because it appeared that The Gap was intimately involved in financing and guiding Banana Republic. There is no dispute that the two corporations share common officers, directors, and counsel. Counsel further contends that the actual decision to infringe was made by officers of both The Gap and Banana Republic. Of crucial relevance is the fact that when Rachel's counsel initially wrote to Banana Republic to make a claim of infringement, defendants' response was made on The Gap letterhead.

▮ We conclude that under the circumstances of this case Rule 11 sanctions are not warranted. The standard is one of objective reasonableness. *Greenberg,* 822 F.2d at 885. Even assuming that The Gap should not have been named as a defendant, we are "reluctant to impose sanctions for factual errors, especially errors in papers filed before an opportunity for discovery, if the litigant has conducted a reasonable inquiry into the facts." *Id.* at 886. In *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1472 (9th Cir.1987), we reversed sanctions imposed for the filing of a complaint not well grounded in fact. The court concluded that although counsel failed to adduce sufficient support for the allegations, the action was not so "baseless" or "lacking in plausibility" as to warrant sanctions. *Id.* We reach the same conclusion here.

---

**4.** Rachel also appeals the dismissal of The Gap as a defendant. Because we reject Rachel's claims on trade dress and copyright infringement, the issue of whether The Gap was a proper defendant is moot. Thus, we examine the reasonableness of counsel's decision to include The Gap as a defendant only to determine whether sanctions were proper.

**5.** An order imposing sanctions upon counsel, a nonparty, is final and appealable by the person sanctioned upon imposition of the sanction. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.,* 760 F.2d 1045, 1047 n. 1 (9th Cir.1985). Here, counsel timely appealed and the matter was consolidated with the appeal from the grant of summary judgment and the directed verdict.

## CONCLUSION

We affirm the directed verdict on Rachel's Lanham Act trade dress infringement claim and the grant of summary judgment on the copyright claim. We reverse the imposition of Rule 11 sanctions against Rachel's counsel. We decline to award costs or fees against Rachel. Each side will bear its own costs on appeal.

AFFIRMED in part and REVERSED in part.