923 F.2d 870
 17 U.S.P.Q.2d 1892
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HEPCO, INC., Plaintiff-Appellant,
v.
TERRAN, INC. and John C. Ducharme, Defendants-Appellees.
 No. 89-1749.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1990.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and DUPLANTIER, District Judge.*
 NIES, Chief Judge.
 
 
 1
 Hepco, Inc. appeals from the final judgment entered in favor of Terran, Inc. by the United States District Court for the Northern District of California, Hepco, Inc. v. Terran, Inc. and John C. Ducharme, No. C 89-2316 (August 22, 1989), which, inter alia, granted partial summary judgment for Terran on Hepco's counts of infringement of Hepco's U.S. Patent No. 3,799,017, and violation of Sec. 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a). On appeal, Hepco asserts that summary judgment was improperly granted as to both counts. We affirm the judgment as to the patent count, vacate the judgment as to the section 43(a) count, and remand.
 
 Section 43(a) Count
 
 2
 In granting Terran's motion for summary judgment on the asserted trade dress infringement count under Sec. 43(a) of the Lanham Act, the district court found, as a matter of law, that the overall product shape of Hepco's Model 1500, which Hepco asserts to be protectable as an indication of origin, is functional. Hepco argues, inter alia, that the district court erred in determining that the evidence of record raised no genuine issue of fact as to functionality of the Hepco design. We agree.
 
 
 3
 Hepco bears the burden of proving that the overall configuration of its Model 1500 is nonfunctional. See Clamp Mfg. Co. v. Enco Mfg. Co., 870 F.2d 512, 516, 10 USPQ2d 1226, 1229 (9th Cir.), cert. denied, 110 S.Ct. 202 (1989); Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1506, 4 USPQ2d 1877, 1880 (9th Cir.1987). To this end, Hepco submitted evidence of five competitive lead cutters whose overall shape in each instance differed in material respects from Hepco's Model 1500. Thus, per Hepco, even though its device, like the other cutters, is functional, the overall shape and the particular placement of dials, knobs and switches were not dictated by that function. The district court was able to explain away the differences in product shapes because the court surmised that other devices did not operate in the same manner as Hepco's device, and it reasoned that Hepco designed the most efficient product design given the manner in which the Hepco device worked. On the other hand, Terran's device which operated like Hepco's, per the court, would have to have the same efficient functional design.
 
 
 4
 On a motion for summary judgment, the precedent is uniform that the inferences from the evidence must be drawn most favorably to the nonmoving party. Vuitton et Fils S.A. v. J. Young Enters., 644 F.2d 769, 776, 210 USPQ 351, 356 (9th Cir.1981); Avia Group Int'l v. L.A. Gear California, 853 F.2d 1557, 1560, 7 USPQ2d 1548, 1550 (Fed.Cir.1988).
 
 
 5
 In Clamp Manufacturing Co., 870 F.2d at 516, 10 USPQ2d at 1229, the Ninth Circuit held that the availability of alternative designs for a type of product is a factor to consider in analyzing functionality. As indicated above, the district court in this case incorrectly discounted Hepco's evidence of alternative designs. Moreover, there appears to be no evidence--at least Terran has referred to none--which supports the court's statements concerning cost, quality, and efficiency of the Hepco design on which the court based its conclusion that the overall appearance was functional despite the above evidence showing that it might not be. Under these circumstances, we conclude that the court improperly drew an inference against the nonmovant Hepco and improperly resolved an issue of fact in granting summary judgment in favor of Terran. Terran did not demonstrate that there was a complete absence of credible evidence to support Hepco's case. Avia Group Int'l, 853 F.2d at 1560, 7 USPQ2d at 1551.
 
 
 6
 Because its finding of functionality was dispositive, the district court did not decide the further elements of Hepco's claim, namely, whether Hepco's design had acquired secondary meaning as an identification of source and whether either of the Terran devices was likely to be confused as to source because of its resemblance to the Hepco device. See Clamp Mfg. Co., 870 F.2d at 1515-18, 10 USPQ2d at 1229-31. We cannot agree with either party that, based on the record before us, these issues do not require trial.
 
 Infringement Count
 
 7
 There is no dispute that Terran does not use an "eccentric motor to achieve oscillatory motion between the moving shearing edge and a fixed shearing edge," as required by all claims. We reject Hepco's legal argument that because original claim 4 was never amended, except technically to convert it into independent claim 1, prosecution history estoppel cannot be applied to that claim as a matter of law. Hepco misreads Hughes Aircraft Co. v. United States, 717 F.2d 1351, 1363, 219 USPQ 473, 481 (Fed.Cir.1983). In Hughes Aircraft Co., we rejected the view that the doctrine of equivalents applied only to unamended claims, but it does not state, or impliedly hold, that prosecution history estoppel can never apply to a claim not amended during prosecution. A patentee may not recapture under the doctrine of equivalents a claim essentially of the same broad scope as one that was abandoned during prosecution because of the citation of prior art. Id. at 1362, 219 USPQ at 481. Hepco seeks to do so here.
 
 
 8
 The record is undisputed that claim 1 was allowed only because of the above quoted limitation specifying an "eccentric motor." While Hepco may be entitled to some range of equivalents with respect to that limitation, the district court held that the range could not include substitution of the prior art concentric motor which was used in references which anticipated original claim 1 except in respect to the work piece. We agree. We also find merit in Terran's position that its concentric motor does not "achieve oscillatory motion" within the meaning of the claim. Contrary to Hepco's assertion, no cross-appeal is necessary for Terran to raise this point which was raised below. "Appellees always have the right to assert alternative grounds for affirming the judgment that are supported by the record." Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 822 n. 1, 11 USPQ2d 1321, 1322 n. 1 (Fed.Cir.1989); see also United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924). Nor has it been shown that claim interpretation raises an issue of fact in this case. See Johnston v. IVAC Corp., 885 F.2d 1574, 1579-80, 12 USPQ2d 1382, 1385-86 (Fed.Cir.1989).
 
 Costs
 
 9
 Each party will bear its own costs.
 
 
 
 *
 Judge Adrian G. Duplantier, United States District Court for the Eastern District of Louisiana, sitting by designation