SUPERIOR FORM BUILDERS,
Plaintiff,

v.

DAN CHASE TAXIDERMY SUPPLY
CO., INC., Dan Chase,
Defendants.

Action No. 2:93cv940.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 10, 1994.

Gregory A. Giordano, Shuttleworth, Ruloff, Giordano & Kahle, Virginia Beach, VA and Fleetwood Prince Butler, Griffin, Butler, Whisenhut & Kurtossy, Arlington, VA, for plaintiff.

Frank Grey LaPrade, III; Amy Tredway Holt, Richmond, VA and Mark Steven Davis, McGuire, Woods, Battle & Boothe, Norfolk, VA, for defendants.

*MEMORANDUM OPINION*

REBECCA BEACH SMITH, District Judge.

I.   Facts and Procedural History

Plaintiff filed this suit alleging copyright infringement ·and unfair competition by defendants. Plaintiff has registered four copyrights with the United States Copyright Office for taxidermy forms or mannequins: two raccoons, a deer, and an otter. The forms are made through a multi-step process.

---

223

First, the sculptor studies live animals. Then, he uses an animal carcass to make a plaster "death mask" for study purposes. He then sculpts an animal in a certain pose out of clay put over an armature. Next, the clay animal is made into a mold, which is used to create polyurethane copies of the form. Plaintiff alleges that defendants, under the guise of a false name, ordered these four forms,[1] removed plaintiff's copyright notice, copied the forms, and placed their own copyright notice on the copies. Defendant Dan Chase admits that he "utilized" plaintiff's forms.[2] Defendants moved for summary judgment on the grounds that these forms are not properly copyrightable under the Copyright Act, and plaintiff responded. The court heard oral argument on the motion on April 12, 1994, and the motion is now ripe for decision.

## II. Discussion of Law

■ The fact that plaintiff has received copyright registrations from the Copyright Office raises a presumption that the works are worthy of copyright protection. 17 U.S.C. § 410(c). Thus, the burden is on defendants to prove that plaintiff's copyrights are invalid. *Masquerade Novelty v. Unique Industries*, 912 F.2d 663 (3d Cir. 1990). These forms were registered under the section of the Act allowing copyright of "pictorial, graphic, and sculptural works." 17 U.S.C. § 102(a)(5). As defined in the Copyright Act, such works

> include two-dimensional and three-dimensional works of fine, graphic, and applied art, ... diagrams, models ... Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered

a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

*Id.* at § 101. Thus, the primary issue in this motion for summary judgment is whether the forms created by plaintiff are within this definition of pictorial, graphic, and sculptural works, namely whether the forms created by plaintiff are artistic or merely useful articles.[3]

■ Defendants argue that because the forms are used to mount animal skins, they are useful articles and can only be copyrighted if the artistic elements can be separated from their utilitarian elements. According to the Copyright Act, a useful article "is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. In this case, the usefulness of the forms is their portrayal of the appearance of animals. Therefore, the forms by definition are not useful articles.

This reading of the statute is further supported by the case law. In the seminal case in the area of "useful articles," the Supreme Court held that statuettes that were used as table lamp bases were copyrightable. *Mazer v. Stein*, 347 U.S. 201, 214, 74 S.Ct. 460, 468, 98 L.Ed. 630 (1954). The Court explained, "We find nothing in the copyright statute to support the argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration." *Id.* at 218, 74 S.Ct. at 471. The cases cited by defendants are inapposite. For example, defendants rely heavily on the Second Circuit case of *Carol Barnhart Inc. v. Econo-*

1. Plaintiff sells the polyurethane forms to taxidermists, who use them for mounting skins.

2. *See infra* note 5.

3. Plaintiff argues that this issue involves questions of fact and not of law. It relies on a Ninth Circuit case in which the court found that there was a question of fact as to whether a suit made out of clear plastic and crushed rock was meant to be used as a swimsuit, thus rendering it uncopyrightable, or merely to be viewed as art, which would allow the copyright. *Poe v. Missing Persons*, 745 F.2d 1238 (9th Cir.1984). However, in the case at bar, there is no question as to the various things that are done with the forms—they have been exhibited as art, painted, and covered with animal fur. Thus, there is no question of material fact as to this point and defendants' arguments on copyrightability are addressed herein as questions of law. *See, e.g., Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (2d Cir.1985) (issue of copyrightability appropriate for summary judgment).

*my Cover Corp.,* 773 F.2d 411 (2d Cir.1985). In that case, the court concluded that mannequins of human torsos (without heads, legs, or arms) were not copyrightable "on the ground that [the mannequins] ... used to display articles of clothing are utilitarian articles not containing separable works of art...." *Id.* at 412. However, in *Barnhart,* the plaintiff conceded that the mannequins were useful articles. Moreover, there is a conceptual difference between human mannequins used to display various articles of clothing on a temporary basis and animal forms that are used permanently to mount skins. The finished product in this case is unquestionably a permanent artistic object, while a generic, dressed human mannequin is a changeable advertisement.[4]

Cases from other courts also support a finding that these forms are artistic. For example, in *Kamar Intern., Inc. v. Russ Berrie and Co.,* 657 F.2d 1059 (9th Cir.1981), a case involving stuffed toys, the court held that realistic depictions of live animals are copyrightable, despite the fact that the idea comes from the public domain, as long as the depiction of the idea is original. *Id.* at 1061. *Kamar* was cited in *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503 (9th Cir.1987), a case dealing with fiberglass animal forms from taxidermy supply stores which the plaintiff covered with flocking, paint, and eyes. The Ninth Circuit noted that "there is no dispute that [plaintiff's] works may be copyrighted." *Id.* at 1507. Finally, the Third Circuit responded to an issue very similar to this one in *Masquerade Novelty v. Unique Industries,* 912 F.2d 663 (3d Cir. 1990). *Masquerade Novelty* involved animal nose masks. The defendant argued, and the district court found, that the masks had a utilitarian purpose in that they "allow[ed] a person to create humor by masquerading in an animal's nose." *Id.* at 664. The Third Circuit reversed, noting that almost any cre-

ation can be found to be a useful article if the definition is stretched far enough. *Id.* The court held that because the only utilitarian purpose of the masks was in the portrayal of animal noses, they did not meet the definition of "useful articles" and could be copyrighted. *Id.* In short, the forms in question in this case are not useful articles within the meaning of the Copyright Act because they likewise are only useful in their portrayal of the appearance of the animals.

█ Defendants also argue that allowing plaintiff to copyright these forms would give it a "virtual monopoly" in the taxidermy supply business and would amount to allowing the copyright of an idea. This argument clearly fails. Copyright law does not protect ideas; it only protects the specific expression of those ideas. *Mazer v. Stein,* 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). In other words, plaintiff cannot prevent others from creating a raccoon or a deer "from scratch" from their own ideas in the same pose that plaintiff has used—plaintiff can only prevent others from copying its forms. At trial, plaintiff will have the burden of proving that the similarities are not coincidental, but come from copying.[5] "Absent copying there can be no infringement of copyright." *Id.* at 218, 74 S.Ct. at 471. No monopoly will be created by recognizing the validity of the copyrights in this case.

### III. Conclusion

Defendants' motion for summary judgment is DENIED because the forms are not "useful articles" within the meaning of section 101 of the Copyright Act, but rather are properly copyrightable as sculptural works.

It is so ORDERED.

---

4. Therefore, the issue of separability of usefulness and artistry is irrelevant here; unless the court decides that the article is useful, the question of separability never arises. *See, e.g., Norris Industries v. Intern. Tel. & Tel. Corp.,* 696 F.2d 918 (11th Cir.1983) (wire spoke wheel covers used as hubcaps to protect tire were not copyrightable because there were no separable artistic aspects); *Kieselstein–Cord v. Accessories by Pearl, Inc.,* 632 F.2d 989 (2d Cir.1980) (belt

buckles with a sculptural design were copyrightable because the design could be separated from the function).

5. However, defendant Chase has, in pretrial discovery, already admitted to "utilizing" plaintiff's forms to make the armatures used as the basis for the forms that defendants sold. Chase Dep. at 50, lines 6–16.