108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. HILO et al., Plaintiffs,
and
The Law Firm of Joseph M. Alioto; Shulman, Gainsley &
Walcott; Law Office of John H. Boone; and Karns
& Karaban, Appellants,
v.
BP EXPLORATION & OIL et al., Defendants,
and
Western States Petroleum Association, Defendant-Appellee.
 No. 95-56545.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1997.
Decided Feb. 21, 1997.
 
 Before: SKOPIL, PREGERSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant law firms (hereinafter collectively referred to as "Alioto") appeal from an order of the district court imposing sanctions for a violation of Rule 11 of the Federal Rules of Civil Procedure. We have jurisdiction under 12 U.S.C. § 1291,[1] and we reverse.
 
 
 3
 Although summary judgment in favor of Western States Petroleum Association (WSPA) was appropriate, we conclude that appellants produced sufficient evidence to comply with the requirements of Rule 11. The evidentiary requirement imposed by Rule 11 must be applied with particular latitude in antitrust cases. See Community Elec. Serv. v. National Elec. Contractors Assoc., 869 F.2d 1235, 1246 (9th Cir.) ("Federal courts grant wide latitude in concluding conspiracy or collusion from parallel conduct and the inferences drawn from the circumstances."), cert. denied, 493 U.S. 891 (1989). Although we agree with the district court that appellants' evidence was not sufficient to create a triable issue of fact as to WSPA's participation in the alleged conspiracy, we conclude that appellants' claims against WSPA were not frivolous or entirely unsupported by any evidence, particularly given the absence of controlling case law. Accordingly, the sanctions imposed under Rule 11 constituted an abuse of discretion.
 
 
 4
 We note also that we would be required to set aside the sanctions in any event. The district court's order stated that once a violation of Rule 11 was found, sanctions were mandatory.[2] In its current form, however, Rule 11 makes the imposition of sanctions discretionary.
 
 
 5
 REVERSED.
 
 
 6
 SKOPIL, Circuit Judge, concurring in part, dissenting in part:
 
 
 7
 I agree with the majority's observation that the district court may have erred by not expressly exercising its discretion in deciding to impose Rule 11 sanctions. The district court's decision makes it appear that the court considered Rule 11 sanctions mandatory rather than discretionary. Accordingly, I agree that we should reverse the sanctions and remand to allow the court to exercise its discretion expressly.
 
 
 8
 The majority, however, while noting the court's possible error in failing to exercise its discretion, reverses the imposition of sanctions on the ground that "appellants' claims against WSPA were not frivolous or entirely unsupported by any evidence." I cannot agree with that conclusion. The district court stated that "[p]laintiffs allege that WSPA was an active member of the alleged conspiracy on the basis that the 'defendants discussed non-WSPA business at WSPA meetings,' and 'until 1989, the defendants held Wildcat Committee meetings at WSPA, with WSPA knowledge and approval, that were neither attended nor otherwise supervised by employees of the WSPA.' " I simply cannot fathom how such allegations, even if proven true, could implicate WSPA in the alleged antitrust conspiracy. There must at least be evidence that such conspiratorial discussion took place at WSPA meetings.
 
 
 9
 There is no such evidence in this record. The district court concluded that while plaintiffs "produced evidence of numerous conversations among the Defendant oil companies, there is no evidence that a single one of these occurred at a WSPA meeting." The court went further to note that "there is simply no evidence linking WSPA to a single discussion which allegedly furthered any conspiracy." In granting Rule 11 sanctions, the court stated that plaintiffs "failed to produce any evidence of WSPA's involvement in, or facilitation of, the alleged conspiracy of the other defendants." The district court expressly acknowledged the lower evidentiary standards present in antitrust actions, but nevertheless correctly ruled that this lower standard does not relieve plaintiffs of their Rule 11 burden of "providing at least some evidentiary support for their claims."
 
 
 10
 The majority contends that appellants' claims are not "entirely unsupported by any evidence" but fails to identify what evidence, direct or circumstantial, exists that would allow any rationale factfinder to draw even an inference of WSPA's involvement in the alleged conspiracy. Appellants offer that at one WSPA meeting, an ARCO vice-president spoke with a Texaco representative, asking the Texaco representative to call from the office the next day. Because the subsequent telephone conversation allegedly involved discussions of potential station swapping, appellants would have us believe that WSPA is liable under the antitrust laws as the "facilitator" of the conspiracy. I simply cannot conclude that this evidence is sufficient to support an antitrust action against WSPA. The district court got it right when it concluded that "[t]he record is devoid of any evidence of conspiracy" as to WSPA.
 
 
 11
 This is not a case, of course, under the former version of Rule 11, where we judged the allegations of the pleadings at the time of filing. The new rule, which clearly applies to this case, requires that allegations of fact have "evidentiary support after a reasonable opportunity for further investigation or discovery." As the 1993 revision notes to Rule 11 states, "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." The plaintiffs here failed in their duty with respect to WSPA. I would affirm the district court's conclusion that plaintiffs violated Rule 11 by persisting with the contention that WSPA was a member of the alleged antitrust conspiracy. I would remand to allow the court to exercise its discretion expressly as to what sanctions should be imposed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although we are required to determine anew whether we have jurisdiction, United States v. Houser, 804 F.2d 565, 568 (9th Cir.1986), we reaffirm our prior ruling that the notice of appeal was timely. Alioto v. Western States Petroleum Assoc., No. 95-56545 (9th Cir. Dec. 8, 1995) (order); see Fed.R.Civ.P. 6(a); Fed.R.App.P. 4(a)
 
 
 [2]
 The district court's order imposing sanctions states: "Rule 11 requires that sanctions be assessed when a complaint is frivolous, legally unreasonable, or without factual foundation.... [S]anctions are mandatory if a violation has occurred." ER at 253-54 (quoting Rachel v. Banana Republic, 831 F.2d 1503, 1508 (9th Cir.1987)) (citations and internal quotation marks omitted) (emphasis added)