124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHRYSLER CORPORATION, a Delaware corporation,
Plaintiff-counter-defendant-Appellee,
v.
Ted L. VANZANT, an individual dba Country Craft,
Defendant-counter-claimant-Appellant.
 No. 93-56219.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 9, 1995 Pasadena, California
Aug. 28, 1997.
 
 1
 Appeal from the United States District Court Central District of California Alicemarie H. Stotler, District Judge, Presiding
 
 
 2
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Chrysler Corporation ("Chrysler") brought this action against Ted L. Vanzant ("Vanzant") and his business Country Craft alleging trademark infringement, unfair competition, and various state law claims. The district court granted partial summary judgment in favor of Chrysler and further granted a permanent injunction against Vanzant from selling his grille overlay, which the district court found to be a reproduction of Chrysler's trademark. Further proceedings remain to determine damages and attorneys fees. We have jurisdiction and reverse. See 28 U.S.C. § 1292(a)(1); Marathon Oil Co. v. U.S., 807 F.2d 759, 763-4 (9th Cir.1986).
 
 I. BACKGROUND
 
 5
 Chrysler, a Delaware corporation principally located in Michigan, manufactures and sells automotive vehicles, repair parts, and other parts and accessories for its automotive vehicles. On March 24, 1987, Chrysler obtained a trademark registration for a Jeep vehicle grille design, No. 1,433,760, Principal Register, U.S. Patent Office (noting 1986 as date of first use of vehicle grille design).
 
 
 6
 In 1989, Vanzant, doing business as Country Craft, began producing and selling grille overlays. Grille overlays are vacuum-formed plastic that fit directly over Jeep vehicle grilles, with the purpose of preventing paint damage to the front grille surface of the Jeep Wrangler.
 
 
 7
 On April 21, 1992, Chrysler sought incontestable status for its vehicle grille design, including filing a required affidavit with the U.S. Patent Office stating that no litigation concerning its mark was pending.[1] See 15 U.S.C. § 1065(3); 15 U.S.C. § 1065(2). In July 1992, Chrysler wrote Vanzant demanding that Vanzant cease advertising in national publications and selling his grille overlays on the ground that they resembled Chrysler's registered trademarks. Vanzant refused. In January 1993, Chrysler filed suit against Vanzant, alleging the following: (1) trademark infringement of its registered vehicle grille design trademark in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125; and (3) trademark infringement and unfair competition of trademark rights under California law.
 
 
 8
 Vanzant moved for summary judgment and Chrysler cross-filed for partial summary judgment with regard to infringement of its trademark property rights for the vehicle grille design. The district court granted Chrysler's partial summary judgment motion and issued a permanent injunction against Vanzant from using reproductions of Chrysler's trademarks. The award of damages and attorneys fees were to be awarded in later proceedings. Vanzant timely appealed and we reverse.
 
 II. DISCUSSION
 
 9
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 A. Lanham Act Claims
 
 10
 At issue in this case is not an asserted infringement of Chrysler's design trademark by the manufacturer of a competing radiator grille. Rather, Chrysler asserts an infringement of its trademark by the maker of a grille overlay. Chrysler's trademark registration specifies the design for a radiator grille. That registration gives Chrysler permanent presumptive protection against the world of prospective infringers of the same design or a confusingly similar design by making, using or selling the type of goods covered by the registration: radiator grilles. But Chrysler has not been given a monopoly over that design either in the abstract or as to other goods. It is therefore inappropriate to treat Chrysler's limited monopoly--one that the Trademark Office registered only for the radiator grilles on its vehicles--as though that monopoly extended to other products, in this case a protective grille overlay. That protection was not sought by Chrysler before the Trademark Office, nor was it registered by that Office, and no reason appears for the judiciary to confer protection for which the Trademark Office has not granted registration.
 
 
 11
 The remedies of a registered trademark owner are not limited to the goods specified in the registration, but go to any goods on which the use of the mark is likely to cause confusion. However, the prima facie and incontestable provisions of the Lanham Act apply only to the goods or services specified in the registration.
 
 
 12
 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 24.65, at 24-109 to 24-110 (1997) (footnotes omitted).[2]
 
 
 13
 An en banc decision from this circuit has stated the same proposition in a succinct fashion:
 
 
 14
 [The trademark holder] cannot simply rely on the federal registration of certain tabs, most notably of those on pants, to establish a protected interest in a pocket tab on garments generally, because registration constitutes prima facie evidence of a protected interest with respect to the good specified in the registration only.
 
 
 15
 Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir.1985). Therefore, Chrysler may not rely on its trademark of a grille design to establish a prima facie case of a protected interest with regard to goods not specified in the registration--a grille overlay.
 
 
 16
 Instead, Chrysler's claim falls under the "related goods" rule. Under this rule, "the owner of a registered mark has protection against use of its mark on any product or service which would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." 3 McCarthy on Trademarks § 24.6; 24:65. Such a trademark owner may recover for infringements of the trademark beyond the specific goods registered in the trademark; they may recover for "any goods on which the use of the mark is likely to cause confusion." Id. Thus, Chrysler may recover for the alleged infringement of a good not described in the registration (the grille overlay), but it must do so bearing the burden of proof with regard to: (1) nonfunctionality and secondary meaning; and (2) confusability. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1506 (9th Cir.1987).
 
 
 17
 The physical details and design of a product may be protected under the trademark laws only if they are nonfunctional and have acquired a secondary meaning. Vuitton Et Fils S.A. v. J. Young Enterprises, Inc., 644 F.2d 769, 772 (9th Cir.1981). Where the features are functional, they are generally not protectable. Id. at 772-3. This rule is based "on the judicial theory that there exists a fundamental right to compete through imitation of a competitor's product.... If the utilitarian aspects of a product are its essence, only patent law [not trademark] protects its configuration from use by competitors." Clamp Mfg. Co. v. Enco Mfg. Co., 870 F.2d 512, 516 (9th Cir.1989) (citations omitted). See also 1 McCarthy on Trademarks § 7.68; 7.69. A feature is functional if it is essential to the product's usefulness and affects the quality of the product. Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1506 (9th Cir.1987). In other words, "[f]unctional features of a product are features which constitute the actual benefit that the consumer wishes to purchase, as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product." Id. (quoting Vuitton, 644 F.2d at 774). Finally, if alternative designs are not available, the features of a product are functional and not capable of trademark protection. Clamp, 870 F.2d at 516.
 
 
 18
 The district court's Statement of Uncontroverted Facts and Conclusions of Law, issued with its Order Granting Partial Summary Judgment, stated as a conclusion of law that any questions of functionality had already been determined in Chrysler's favor by the Trademark Office when it granted Chrysler's trademark incontestable status. Incontestable status provides the trademark with a conclusive presumption of validity and prevents a defense to infringement on the grounds that the mark is merely descriptive. Clamp, 870 F.2d at 514. However, incontestable status does not foreclose the issue of functionality. See id. at 516 (placing the burden of proving nonfunctionality on the trademark holder whose trademark had incontestable status). Thus, the district court erred in concluding that the incontestable status trumps the consideration of functionality.
 
 
 19
 In this circuit, we have placed the burden of proving nonfunctionality on the plaintiff. See Rachel, 831 F.2d at 1506 (citing First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987)). This is true even where there is a registered trademark with incontestable status and the examining attorney has implicitly determined that the application describes a nonfunctional configuration. See Clamp, 870 F.2d at 516 (placing the burden of proving nonfunctionality on the trademark holder whose trademark had incontestable status). Thus, the burden of proving nonfunctionality is on Chrysler.
 
 
 20
 Chrysler failed to support its motion for partial summary judgment with any evidence that the vehicle grille design is nonfunctional. Rachel, 831 F.2d at 1506, citing Vuitton, 644 F.2d at 775 (functionality is a question of fact). In fact, it incorrectly presumed that since its trademark had an incontestable status, nonfunctionality was presumed. If the trademark holder is successful in establishing that its product configuration is entitled to trademark protection by proving nonfunctionality, to succeed with a trademark infringement claim it must then prove secondary meaning and confusability. Clamp, 870 F.2d at 517; Lindy Pen Co. v. Bic Pen Corp., 725 F.2d 1240, 1243 (9th Cir.1984). Without considering any evidence of nonfunctionality, the district court erroneously jumped to the analysis of the likelihood of confusion. The district court concluded that "[t]he advertising and selling by Defendant ... of grille overlays is likely to deceive or confuse the public as to source, relationship or sponsorship or products sold under or depicting the Registered trademark." Order Granting Partial Summary Judgment at 12. However, this conclusion was reached after concluding, in error, that nonfunctionality and secondary meaning were conclusively proven.
 
 
 21
 Vanzant submitted a deposition which would seem to preclude a finding of confusability at the summary judgment stage. In his affidavit, he stated his willingness to:
 
 
 22
 conspicuously mark my grill overlays with the Country Craft logo in a size and method equal to the marks that Chrysler place on their overlays so as to avoid confusing the public. All that would be required on Chrysler's part is to accurately describe how those products are marked so that we can ply our logo in a manner to eliminate confusion.
 
 
 23
 [ER at 50.] Further, there are affidavits from six aftermarket distributors of the grille overlays indicating that they were not confused as to the source of the grille overlays and knew they were not from Chrysler.
 
 
 24
 "[T]rial courts disfavor deciding trademark cases in summary judgments because the ultimate issue is so inherently factual. Additionally, the question of likelihood of confusion is routinely submitted for jury determination as a question of fact." Levi Strauss, 778 F.2d at 1356 n. 5 (citations omitted). Summary judgment was particularly inappropriate in this case where the district court misapplied the burdens of proof to the detriment of the moving party, in whose benefit all presumptions must be granted. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994).
 
 
 25
 We conclude that the district court erred in analyzing Chrysler's trademark infringement claim outside the context of the "related goods" rule. Under this rule, "the owner of a registered mark has protection against use of his mark on any product or service which would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the owner of the registration." 3 McCarthy on Trademarks § 24.6. Because the district court mistakenly viewed the issue of functionality as having been determined in Chrysler's favor by virtue of Chrysler's trademark, its order granting summary judgment must be reversed.
 
 B. The State Law Claims
 
 26
 Chrysler claims that Vanzant's use of Chrysler's trademark constitutes unfair competition and a violation of California's anti-dilution statute. We consider the appropriateness of partial summary judgment/permanent injunction for each claim.
 
 1. Unfair Competition Claim
 
 27
 California's unfair competition law, Cal.Bus. & Prof.Code §§ 17200-17208 (West 1987 & Supp.1995), provides an injunction against "[a]ny person performing or proposing to perform an act of unfair competition within [California] ..." Cal. Bus. & Prof.Code § 17203. California unfair competition law, however, does not protect against the copying of functional features. Tveter v. AB Turn-O-Matic, 633 F.2d 831, 839 (9th Cir.1980). Because the functionality issue was not addressed by the district court, partial summary judgment on the state unfair competition claim was not properly granted.
 
 2. Dilution Claim
 
 28
 California's anti-dilution statute, Cal. Bus. & Prof.Code § 14330 provides:
 
 
 29
 Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.
 
 
 30
 Cal. Bus. & Prof.Code § 14330(a) (West 1987 & Supp.1995).
 
 
 31
 Dilution differs from trademark infringement and unfair competition because it does not require a showing of a likelihood of confusion, but is limited to protecting only the most distinctive marks. Accuride Intern., Inc. v. Accuride Corp., 871 F.2d 1531, 1539 (9th Cir.1989). The focus of anti-dilution law is on damage to the mark's inherent value as a symbol, rather than on whether consumers have been misled as to origin or sponsorship. Toho Co. v. Sears, Roebuck & Co., 645 F.2d 788, 793 (9th Cir.1981). The statute protects against four overlapping types of injury.
 
 
 32
 First, the statute protects the mark against association with something unsavory or degrading. Accuride, 871 F.2d at 1538; see e.g., Dallas Cowboys v. Pussycat Cinema, Ltd., 604 F.2d 200, 205 (2d Cir.1979) (district court did not err in granting injunction under similar statute where defendant's advertisements and exhibit of "Debbie Does Dallas" involved use of uniforms substantially similar to those of the Dallas Cowboys cheerleaders). Chrysler has not offered any evidence that there is anything unsavory or degrading about the grille overlays. In fact, Chrysler produces grille overlays, thus rendering any such claim frivolous.
 
 
 33
 Second, the statute protects against the tarnishing of a mark caused by association with a poorly manufactured product. See e.g., McFly, Inc. v. Universal City Studios, Inc., 228 U.S.P.Q. 153, 161 (C.D.Cal.1985) (use of surname McFly in the film "Back to the Future" did not dilute mark used by group of restaurants and bars in part because of the quality of the user's goods and services). Chrysler has not suggested that Vanzant's grille overlays are poorly manufactured.
 
 
 34
 Third, the statute protects against the tendency of a widely-used product name to become the generic term for the product. See e.g., Sykes Laboratory, Inc. v. Kalvin, 610 F.Supp. 849, 856-59 (C.D.Cal.1985) (questions of fact precluded summary judgment on owner's claim that defendants, by using mark and trade name on comparison chart to sell their lower-cost generic product, would likely injure owner's reputation and dilute its mark). There is no evidence that this injury has occurred.
 
 
 35
 Fourth, the statute protects against the impairment of the effectiveness of the trademark in the association of the mark with the image of the trademark. See e. g., Toho Co., 645 F.2d at 793. Chrysler has failed to introduce evidence supporting this claim. The grille overlays are used in conjunction with Jeeps, giving consumers the opportunity to express their allegiance to their Chrysler-Jeep manufactured vehicles. If anything, such use is likely to increase the distinctiveness of Chrysler's mark.
 
 
 36
 Chrysler bears the burden of establishing dilution. Chrysler has failed to introduce evidence of the likelihood of dilution. Partial summary judgment on the California anti-dilution claim was improperly granted. The district court erred when it granted partial summary judgment based on the state claims.
 
 
 37
 The district court order for partial summary judgment in favor of Chrysler is REVERSED.
 
 
 
 **
 Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In reviewing the record prior to oral argument, we were unable to find this affidavit. Pursuant to an order issued by this court, the appellee produced this affidavit at oral argument. However, a trademark registration for the vehicle grille design is in the record. 15 U.S.C. Section 1065 permits an owner of a trademark registration under specified circumstances to file an affidavit which gives the trademark incontestable status. Section 1604 of the Trademark Manual of Examining Procedure states that when section 15 affidavits do comply with the statutory requirements, the copies of the registration are so stamped. The trademark registration in the record is stamped: "comb. aff. sec. 8 and 15." Therefore, the trademark has incontestable status
 
 
 [2]
 To the identical effect is 1 Jerome Gilson & Jeffrey Samuels, Trademark Protection & Practice § 4.04, at 4-61 to 4-63 (footnotes omitted):
 The courts have characterized the presumption of validity as a "strong presumption," and have made it clear that considerable weight is accorded the action of the Patent and Trademark Office in granting registration. It should be noted, however, that the presumption of the exclusive right to use the mark extends only to the goods enumerated in the registration, and not to other goods.