**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GLOBEFILL INCORPORATED, a Canadian corporation, | No. 10-56895 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02034-CBM-PLA |
| v. | |
| ELEMENTS SPIRITS, INC., a California corporation; KIM BRANDI, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted May 10, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Globefill Incorporated ("Globefill") appeals the district court's dismissal of

its claim against Elements Spirits, Inc. ("Elements") for trade dress infringement in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[1]

A.

*1.    Articulation of trade dress.*

"Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (quotation marks omitted). Globefill's Second Amended Complaint alleged with specificity the elements of the trade dress it seeks to protect: "a bottle in the shape of a human skull, including the skull itself, eye sockets, cheek bones, a jaw bone, a nose socket, and teeth, and including a pour spout on the top thereof." These elements are part of the "total image, design, and appearance" of the product and therefore may constitute protectable trade dress.

*2.    Functionality.*

We typically consider four factors in determining whether a product feature is functional: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian

_____

[1]Globefill's pending motion to take judicial notice of its trademark registration is denied as moot.

2

advantages of the design, (4) and whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998). Applying these factors, the trade dress elements Globefill described in its operative complaint cannot be said to be functional as a matter of law. The skull design is ornamental and serves no utilitarian purpose; alternative bottle designs are available in abundance; and using the design increases, rather than decreases, Globefill's manufacturing and shipping costs.

The district court relied on our decision in *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987). But the trade dress elements in *Rachel* were eyes, noses, and other physical features which served the utilitarian purpose of making the products at issue—lifelike animal reproductions—more realistic. Globefill's skull-shaped bottle, by contrast, is a purely ornamental container for its vodka, and we have rejected the view that such features can be functional. *See Clicks Billiards*, 251 F.3d at 1260 ("[T]rade dress cannot be both functional and purely aesthetic. . . . Ornamental aesthetic designs are the antithesis of utilitarian designs.") (internal quotation marks and citations omitted).

B.

Globefill's Second Amended Complaint asserted a single cause of action: unfair competition and false designation of origin in the nature of trade dress infringement in violation of Section 43(a) of the Lanham Act. The district court, however, treated the complaint as asserting two claims—one for trade dress infringement, and one for "false designation of origin." These claims are coterminous and are governed by an identical legal standard. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992). Globefill's complaint sufficiently states a claim for unfair competition under the Lanham Act.

Having determined that Globefill failed to allege a claim for relief under the Lanham Act, the district court denied Globefill's motion for a preliminary injunction. Because the district court did not otherwise determine whether injunctive relief was warranted, or offer any other reason for denying the motion, we remand this issue to the district court to address in the first instance. *See* Fed. R. Civ. P. 52(a)(2).

**REVERSED** and **REMANDED** for consideration of Globefill's motion for a preliminary injunction.