**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCENTSY, INC., an Idaho corporation, | No. 13-35416 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00249-BLW |
| v. | |
| HARMONY BRANDS, LLC, a Utah limited liability company, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| SCENTSY, INC., an Idaho corporation, | No. 13-35779 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00249-BLW |
| v. | |
| HARMONY BRANDS, LLC, a Utah limited liability company, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

------

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted August 29, 2014
Seattle, Washington

Before: NOONAN, HAWKINS, and GOULD, Circuit Judges.

Scentsy, Inc. appeals from the district court's grant of summary judgment on Scentsy's trade dress infringement and copyright infringement claims and award of attorneys' fees to Harmony Brands, LLC. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand this matter to the district court for further proceedings.[1]

# I

We review the grant of summary judgment *de novo*. *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003).

The district court's conclusion that Scentsy's designs were functional was not error; we agree with the district court that a reasonable jury could not conclude that the trade dress elements at issue are non-functional: The aesthetically pleasing nature of the designs constitutes part of the actual benefit that the consumer wishes to purchase, "as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1506–07 (9th Cir. 1987) (internal quotation marks and citation omitted).

---

[1] Because the parties are familiar with the facts, we do not relate them here except as necessary to explain our decision.

Because functional elements are not protectable as trade dress, we affirm the district court's judgment as to trade dress infringement claims.

Regarding Scentsy's claims under the Copyright Act, we hold that the district court erred in granting summary judgment on the issue of indirect copying. We agree with the district court's conclusion regarding the extrinsic test that the designs at issue are subject to broad copyright protection. But after filtering out elements of the designs that relate only to similarity of unprotectable ideas, such as the use of a base and heating element, a melting tray, and holes for releasing heat from the warmers, we conclude that it should have been left for a jury to consider substantial similarity. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006); *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). There is enough similar protectable expression here that the issue of substantial similarity should not have been decided on summary judgment. The intrinsic test question, "whether an ordinary reasonable observer would consider the copyrighted and challenged works substantially similar," *Mattel, Inc.*, 616 F.3d at 914, here is most appropriately answered by a jury viewing the case as a whole, after having been correctly instructed. We do not agree with the district court's conclusion that no reasonable jury could have found the challenged products of Harmony

3

substantially similar to the copyrighted products of Scentsy.  As we have previously explained, "on a summary judgment motion, a court's attempt to apply [the intrinsic tests's] subjective and fact-oriented standard, bypassing decision by the trier of fact, is not correct." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir. 2012).  We reverse the district court's judgment as to the issue of indirect copying; whether Harmony's designs are substantially similar to Scentsy's copyrighted designs is a question for trial.[2]

## II

We review *de novo* whether an action under the Lanham Act is "exceptional"; once we conclude whether that an action is exceptional, we review the district court's award of attorneys' fees for an abuse of discretion.  *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., Ltd.*, 668 F.3d 677, 687 (9th Cir. 2012).  An action is exceptional when the plaintiff's case is "groundless, unreasonable, vexatious, or pursued in bad faith." *Id.* (internal quotation marks and citation omitted).  Because the doctrine of aesthetic functionality and the protectability of

---

[2]    Harmony contends that the district court did not apply the intrinsic test but was rather applying the extrinsic test.  We reject this argument.  The district court specifically described what it was doing as addressing the intrinsic component of the extrinsic/intrinsic test.  Moreover, the district court reached this part of its analysis, only after previously concluding that the copyrighted wax warmers of Scentsy were entitled to broad copyright protection.

4

aesthetic features as trade dress is not always clear, we hold that the trade dress claims were not exceptional and reverse the district court's decision to award fees under the Lanham Act.  Because we reverse the grant of summary judgment on the copyright claims, it necessarily follows that the fees award under the Copyright Act is also reversed.

*　　*　　*

We remand to the district court for further proceedings consistent with this disposition.  The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**